# Bell *v.* Great Atlantic & Pacific Tea Co., Appellant.

*Negligence—Slippery step at store entrance—Constructive notice by lapse of time—Res ipsa loquitur.*

1. The slippery condition of the entrance step of a store on a snowy day creates no liability on the proprietor of the store to a person injured by falling thereon, where he has had no notice by lapse of time or otherwise of the slippery condition of the step.

2. To hold otherwise would mean that every storekeeper would be required to keep cleaning his steps and pavement continuously during snow and sleet storms.

3. The doctrine of res ipsa loquitur does not apply in favor of a plaintiff suing for damages for personal injuries caused by slipping on a step at a store entrance.

Argued November 30, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 235, Jan. T., 1926, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1925, No. 11371, on verdict for plaintiff, in case of Mary Bell v. Great Atlantic & Pacific Tea Co. Reversed.

Trespass for personal injuries. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*George W. Harkins, Jr.,* for appellant, cited: Markman v. Bell Stores Co., 285 Pa. 378; Burns v. City, 137 Pa. 361; Nichol v. Teleph. Co., 266 Pa. 463; Swan v. Boro., 242 Pa. 596; Holbert v. Phila., 221 Pa. 266; Springer v. Phila., 22 W. N. C. 132; Hanson v. Boro., 22 W. N. C. 133; Stearns v. Spinning Co., 184 Pa. 519.

*William Charles Brown,* for appellee, cited: Chapman v. Clothier, 274 Pa. 394; Robb v. Pond Co., 269 Pa. 298; Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Woodruff v. Painter, 150 Pa. 91; Markman v. Stores Co., 285 Pa. 378.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1927:

Plaintiff brought suit to recover damages for injuries due to a fall on the step of defendant's store which she was entering as a customer, her allegation being that she slipped on ridges of ice which had formed on the step and which could not be seen because they were covered with snow. The trial resulted in a verdict for plaintiff and from the resulting judgment defendant appeals, urging that judgment should be entered in its favor.

The accident occurred on January 12, 1925, about 11 o'clock in the morning. Plaintiff established in her case by the records of the United States Weather Bureau that it had snowed during the night between 1 and 6 o'clock A. M. and again beginning at 9:40 A. M. until 11:40 A. M. and that prior to 11 o'clock from midnight no rain had fallen, that there had been a flurry of snow the day before, which was Sunday, and no rain, that the temperature from 2 o'clock on the morning of the accident until noon ranged from 20 to 28 degrees Fahrenheit. Plaintiff herself testified that it had been snowing on the morning of the accident, but that it was not snowing when she entered the store. She said that as she put her foot on the step to go into the store "there was snow, as I thought, on the step, and my foot slipped, and I whirled around and fell and struck my spine against the step,

and as I went to get up I seen the ridges of ice on the step," that there was soft snow on the sidewalk and step which her clothes brushed away as she fell, enabling her to see the ridges of ice. She testified that she told the manager of the store of her fall and that he threw salt and sawdust on the step. She said nothing further as to the ridges of ice and did not indicate the size of them or their cause. She called as a witness in her behalf the manager of the store, who prior to the trial had been discharged by defendant, and he testified that the step was not covered with ice, that what was on it was caused by people who had walked in the snow carrying it on their feet to the step where it froze. He did not know how long the deposits had been there and no other evidence was produced to show the length of time. While he was uncertain in his recollection as to whether he had cleaned the step off that morning, witnesses produced by defendant testified that the pavement and step of the store had been cleaned off in the morning prior to plaintiff's fall. One of these witnesses saw plaintiff fall and testified that there might have been a little snow on the step but there was no accumulation of ice.

The case, therefore, comes down to this on plaintiff's own showing: That ice had been deposited on the step from the feet of persons entering the store, without any proof as to how long the ice had been there, and with evidence in her behalf that snow had fallen during the morning up to a time shortly before the accident and that the temperature at all times for twelve hours previously had been below freezing. We think it would be a very dangerous rule to lay down, that the existence of a slippery condition on the step of a store, due to the circumstances shown in this case, on a snowy day when pavements and steps generally are likely to be slippery, creates liability without any notice to the proprietor of the store, either by lapse of time or otherwise, that there is a negligently slippery condition at the entrance to his premises. This would mean that in order to be free from

liability every storekeeper would be required to keep cleaning his steps and pavement continuously during snow and sleet storms. Plaintiff's counsel recognized as one of the necessary incidents to recovery that it must be shown that the condition of the steps had existed for sometime prior to the happening of the accident and for such a length of time that the defendant should have had notice and knowledge of the condition and so declared in his statement of claim.

In the very recent case of Markman v. Fred P. Bell Stores Co., 285 Pa. 378, we took occasion to point out that the doctrine of res ipsa loquitur does not apply in favor of a plaintiff suing for damages for personal injuries caused by slipping on a step at a store entrance. In that case recovery was allowed because the proprietor of the store had permitted fat meat and vegetables to remain on the steps after his attention had frequently been called to the dangerousness of this situation. We there said (p. 382), "......That the damage was occasioned by some breach of duty must be affirmatively proved. ....... To recover, it was essential to show a failure to exercise reasonable care for the safety of the customer, for this is the measure of responsibility where one comes by invitation, express or implied, for the purpose of inspecting or purchasing goods offered for sale....... Testimony was offered to show that celery, lettuce and other plants were washed on the street at the right of the door, that parts became loose and accumulated on the pavement and step, and that this condition existed at the time of the accident,....... The mere presence of such refuse, as described, does not in itself show negligence, for this condition may temporarily arise in any store of this character, though the proprietor has exercised due care; and, if it appears that proper efforts are made to keep clean the passageways so they may be safely traversed, he is not to be held responsible if someone accidentally slips and falls. Where, however, it is disclosed, as here, that the dangerous condition, arising

from the same cause, was not a mere chance occurrence, but was so often repeated as to call for frequent notices to the owner, and on one occasion to the police, and the same situation was shown to have existed when the customer was hurt, we cannot say the jury was not justified in finding defendant failed in his legal duty."

A reading of the record before us does not show that defendant was guilty of actionable negligence, and, therefore, no recovery should have been permitted. The third assignment of error to the refusal to enter judgment for the defendant is sustained.

The judgment is reversed and is here entered for defendant.