934

## S. S. KRESGE CO. v. RANKIN.
### No. 5381.

Circuit Court of Appeals, Fourth Circuit.
June 13, 1945.

Oscar J. Andre, of Charleston, W. Va.,· and Robert B. McDougle, of Parkersburg, W. Va. (Steptoe & Johnson, of Charleston, W. Va., on the brief), for appellant.

William Bruce Hoff and James B. Randolph, both of Parkersburg, W. Va., for appellee.

Before GRONER, Chief Justice, United States Court of Appeals for the District of Columbia,[1] and SOPER and DOBIE, United States Circuit Judges.

PER CURIAM.

Laura Rankin (hereinafter called plaintiff) brought a civil action in the United States District Court for the Northern District of West Virginia, against S. S. Kresge Company, a corporation (hereinafter called defendant), for personal injuries alleged to have been received when she was a customer in defendant's store in Parkersburg, West Virginia. Plaintiff, upon the verdict of a jury, recovered judgment. Defendant's motions for a directed verdict and for judgment notwithstanding the verdict were overruled by the District Court, and defendant has appealed.

Plaintiff's claim was based upon a fall, when she slipped upon some whitish, foreign substance in the vestibule of defendant's store. This appeal raises two questions: (1) Was there sufficient evidence of defendant's negligence to take the case to the jury? (2) Was plaintiff guilty of contributory negligence as a matter of law? The District Court (quite correctly, we think) answered the first question in the affirmative and the second question in the negative, in a comprehensive and able opinion (59 F.Supp. 613, 617), to which we believe there is little need to add.

Defendant, in its general store, operated small bars at which, during the noon hour when schools were in session, hundreds of school children were served various articles of food and drink. In the opinion of the District Court it was said: "Under the evidence in this case the jury was justified in ·finding that the foreign substance was dropped by one of these school children; that the dropping of such substance was not a mere chance occurrence, or an isolated unexpected happening, but was the usual, continuous and foreseen result, incident to the manner in which defendant was serving the school children and conducting its lunch business. The jury was justified in finding that the unsafe conditions which defendant permitted to exist· on May 8, 1944, was so common, continuous and so protracted that the dropping of the substance upon which plaintiff fell might reasonably have been anticipated by the storekeeper; and that defendant was negligent in permitting such dangerous and unsafe condition to continue. Under the facts cited above it borders on the ridiculous for defendant to say that it had no knowledge of the unsafe condition which resulted in plaintiff's injuries, or that it did not know that this particular foreign matter was on the floor."

---

[1] Sitting by special designation.

■ Plaintiff testified that before the accident she had never been in defendant's store near the snack-bars during the lunch hour on school days. She further testified that at the time of the accident, she was looking at merchandise displayed by the defendant and not at the floor and thus did not see the foreign substance on which she slipped. We think that the District Court quite properly refused to rule that she was guilty of contributory negligence as a matter of law and correctly submitted that question to the jury under suitable instructions.

We find no reversible error in the record and the judgment of the District Court is, accordingly, affirmed.

Affirmed.