## THE VOGUE, Inc., v. COX, No. 7.—190 S. W. (2d) 301.

Eastern Section.   July 10, 1945.

Petition for Certiorari denied by Supreme Court, October 6, 1945.

Finlay & Campbell, of Chattanooga, for plaintiff in error.

Wood & Dietzen, of Chattanooga, for defendant in error.

McAMIS, J. The Vogue, Inc., has appealed in error from a judgment, based upon a jury verdict, for $300 awarded Mrs. Cynthia Cox for personal injuries sustained when she fell on a floor of its store in Chattanooga. The facts are simple and may be briefly stated.

The Vogue, Inc., operates a ladies ready to wear store and, at the time in question, had twelve sales ladies working in the department on the first floor where ladies' coats were displayed for sale. Mrs. Cox entered the store at about 1 o'clock p. m. accompanied by her daughter, Mrs. Lee, who looked at some coats but did not purchase any of them. Later, she purchased a small article and as both were leaving the store together Mrs. Cox, according to evidence accredited by the jury, stepped on a pencil lying on the floor near the wrapping counter, fell and sustained rather painful injuries.

The defendant insists that the verdict of the jury is based upon speculation and conjecture because, it is argued, there is no evidence in the record from which the jury might conclude that the defendant or any of its employees placed the pencil on the floor or that it had been there a sufficient length of time to impute to defendant knowledge of the hazard which it created.

Though the argument is plausibly presented and upon first consideration seems to have merit, we think, under the facts to be stated, a case for the jury was clearly made out.

Stated in the aspect most favorable to plaintiff, the proof shows that the pencil on which plaintiff fell was a vivid yellow like the pencils used by all other employees of the store. It was found lying near the wrapping counter and desk where employees wrote up their sales and handed articles to another employee of the store to be wrapped. As soon as plaintiff fell the saleslady whose

name plaintiff and her daughter were unable to give but who, they say, was the same clerk who showed them coats immediately stated: "That is my pencil" and stuck it in her hair. She was not introduced as a witness although on the day before the trial she was seen in defendant's store apparently at work there.

There is no contention made that this statement was not properly admitted as a part of the res gestae and, in the absence of any explanation, the jury might properly infer that the employee who claimed the pencil dropped it on the floor and, therefore, knew that it was still on the floor and a menace to customers. Knowledge on the part of the employee of its presence on the floor would be imputed to the master and it would not be necessary for plaintiff to show that it had been on the floor a sufficient length of time to charge defendant with constructive knowledge of its presence.

We think the jury might reach this conclusion from the mere fact that one of the salesladies claimed the pencil as hers unaided by any other circumstance but, as stated, the pencil was like all other pencils carried by employees of defendant and the lady who claimed the pencil could not have known that it was her pencil except from the fact that she had left it where plaintiff fell.

It is true that by resorting to speculation it could be said that the saleslady, defendant's employee, gave the pencil to a third person who dropped it or that the sales lady dropped it as she came back from lunch and when not engaged in any service for defendant, that she placed it on the counter and some customer knocked it off on the floor or in some other imaginable manner it became an obstruction. But all of these were matters which defendant had it in its power to make clear to the jury by introducing as a witness the saleslady who claimed

the pencil. This it failed to do and all of the inferences which might arise from the proven facts unfavorable to plaintiff must, for that reason, be rejected.

As stated, there were only about twelve employees in this particular department and defendant should not have encountered too much difficulty in finding the one who claimed the pencil and introducing her as a witness or, if such was the fact, in showing that no one connected with defendant claimed the pencil.

■ On the question of the inference to be drawn from the failure of a party to bring forward evidence peculiarly within his knowledge and possession, the leading case in this State seems to be Western Union Telegraph Company v. Lamb, 140 Tenn. 107, 203 S. W. 752, 753. In that case the plaintiff was injured by a boy on a bicycle wearing a Western Union uniform and who went immediately after the accident to the defendant's place of business where he parked his bicycle. There was no proof that when he struck plaintiff the boy was on a mission for the Company and, as in this case, it was argued that the jury could not, without resorting to speculation, conclude that he was on a mission for the defendant, especially since the boy did not have a pad at the time and this circumstance indicated that he was returning from lunch.

Responding to this contention, the Court said:

"The proof by plaintiff of the foregoing facts made a prima facie case of liability. If the truth was not with the inference which was drawn by the jury from these facts, it lay within the power of defendant to explain fully what the truth was, and to show its exact connection with the accident. If it were true that the boy was not within the scope of his duty at the time, or that he was not in its employment, this could have been shown beyond rea-

sonable doubt, and defendant could have been fully exonerated.

". . . When he (plaintiff) showed by evidence circumstances from which reasonable inferences could be drawn establishing the negligence of defendant through its servant and the further fact that the servant was acting within the scope of his employment at the time he committed the act from which the injury resulted, the burden then shifted to defendant to exonerate itself, if it could."

The principle has been applied in other cases too numerous to cite including Davis v. Newsome Auto Tire & Vulcanzing Co., 141 Tenn. 527, 213 S. W. 914; National Life & Accident Insurance Co. v. Morrison, 179 Tenn. 29, 41, 162 S. W. (2d) 501; Anderson v. Sanderson, 25 Tenn. App. 425, 428, 158 S. W. (2d) 374; Illinois Central Railroad Co. v. H. Rouw & Co., 25 Tenn. App. 475, 159 S. W. (2d) 839; Kurn v. Weaver, 25 Tenn. App. 556, 567, 161 S. W. (2d) 1005, and, most recently, in Martin v. Miller Brothers Co., 26 Tenn. App. 110, 117, 168 S. W. (2d) 187, involving the failure of a merchant to introduce its employees to show that it was not responsible for a spot of grease where one of its customers fell.

In National Life & Accident Insurance Co. v. Morrison, supra [179 Tenn. 29, 41, 162 S. W. (2d) 505] the question at issue was whether a life insurance salesman was on a mission for the company when the plaintiff was struck and injured. The company failed to introduce the driver, its agent still in its employ, and in the course of the opinion Mr. Justice Chambliss said: "The situation in Western Union Telegraph Co. v. Lamb, 140 Tenn. 107, 203 S. W. 752, in which this rule of presumption was applied, was quite similar. Indeed, the failure of the Company to introduce this witness, shown to be still in its

employ, who had been previously used, and whose testimony was so obviously of importance on the vital issues, not only of his relationship to the Company, and his mission on this occasion, but of his negligence and its degree, and the asserted contributory negligence of the plaintiff, is ominous and inescapably suggestive of implications unfavorable to the defendant.''

It is true this rule is not to be taken as substantive proof and never relieves the party onerated with the burden of proof of making out a prima facie case. It does apply, however, with full force when the proof introduced and the legal deductions therefrom make a prima facie case. Davis v. Auto Tire & Vulcanizing Co., 141 Tenn. 527, 213 S. W. 914, cited supra; 20 Am. Jur., 195; Annotations, 70 A. L. R. 1326.

In reviewing a judgment based upon similar facts and circumstances, the court, in Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F. (2d) 243, 247 said: ''The jury may not base a verdict on mere speculation; but neither should the court indulge in mere speculation as to a possible defense unsupported by any proven facts.''

In that case, as in this, the defendant failed to introduce employees conversant with the facts and of this the court said: ''In this condition of the record, we must assume that, had they been called, they would not have contradicted any of the testimony produced by plaintiff with reference to the unwrapping of the trees by defendant's employees, and would not have testified, we may assume, that the twine was not removed from the evergreen tree by one of them, and thrown in the aisle, where it was found at the time of the accident.''

The case of Hill v. Castner-Knott Dry Goods Co., 25 Tenn. App. 230, 166 S. W. (2d) 638, 640, strongly relied upon by defendant, is not opposed to what has been said

above. As the opinion in that case points out there was no proof as to who put the obstruction in the aisle and none "that defendant's agents or employees had any knowledge of it being there or that it had been there long enough to charge defendant with constructive knowledge of its presence." From this we infer that the employees who might have been responsible for the obstruction were introduced as witnesses.

For the reasons stated the case was, in our opinion, properly submitted to the jury and the assignments complaining of this action will be overruled.

■ Finally, it is insisted there is a variance between the declaration and the proof. The declaration charges that as plaintiff passed the desk she stepped upon a yellow lead pencil "which had been negligently dropped from off the desk and onto the walkway and had been negligently allowed there to remain." It is insisted that there is no proof that the pencil fell from the desk and, if there is any evidence as to how it got in the walkway, it arises from an inference that the saleslady who claimed the pencil as her own dropped it there.

The gist of this charge is that the pencil was negligently alllowed to remain on the floor and we do not see that defendant has been injured by the suggestion carried by the declaration that it got there in a manner different from that shown by the proof. It was not negligence to drop a pencil on the floor but it was negligence to allow it to remain there.

Affirmed, with costs.

Hale and Burnett, JJ., concur.