## CURTIS v. TRADERS NAT. BANK.

Court of Appeals of Kentucky.

March 2, 1951.

Wm. C. Clay, Jr., Thomas M. Edwards, Jr., Mt. Sterling, Lloyd E. Rogers, Cynthiana, for appellant.

Lewis A. White, Mt. Sterling, for appellee.

STANLEY, Commissioner.

Mrs. Mary Jameson Curtis, 60 years of age, fell on a slippery marble floor of the vestibule of the appellee's bank, of which she was a customer, and suffered a broken hip with consequences of permanent injury and an expense of about $1,000. The accident happened December 15, 1948, about ten o'clock in the morning. The court instructed the jury to find for the defendant in her suit for damages.

The vestibule was paved with marble. It had been raining all morning. Mrs. Curtis had come in out of the rain and noticing the water on the floor, had "stepped very gingerly." She had a purse under an arm and carried an umbrella, which may have been open but not raised overhead. She testified, "As I stepped into the foyer I stepped into water and started

slipping. I tried to reach for something. The next thing I knew I was flat on the floor in the main bank. I crashed full length on the floor." Apparently, however, she fell in the vestibule and not in the main room, for it is shown there were double doors, with an automatic closing device, which opened outwardly or towards her. She stated she had no recollection of whether the door was open or not although she might have pulled it open as she fell. There was a rubber mat inside the inner doors but none in the vestibule. The exact place where the plaintiff fell is not important. The material fact is that she was caused to fall by the wet, slippery, marble floor in the vestibule where the water had been tracked and blown in by the wind when the outer door was opened.

The appellant relies principally upon Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598, 599, 600. In that case a customer fell on a tile floor made slippery by snow and slush tracked in during the day. We held a directed verdict for the defendant was error, saying: "The smooth surface and impervious quality of tile makes the accumulation of such substance as described in this case a situation from which such an accident should well have been anticipated. It would be an extreme view to take that reasonable men could not have foreseen the possibility of a customer slipping on slushy snow on a smooth tile floor." That accident occurred well inside the store and not in a vestibule or passageway from the street. We took note in the Lyle opinion of the distinction. In the instant case the plaintiff fell in the vestibule where the floor had been made slick by the rain water blowing and being tracked in by the patrons of the bank. The very purpose of the vestibule was to take care of the water or snow and wind. The condition was to be expected. It is not much different in this respect from outside steps or an entrance area with no outer doors.

It is quite generally held that there is no liability to a customer who slips because of water, mud, etc. in such places and is injured by the fall, the floor being properly constructed and not inherently dangerous. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132; Bell v. Great Atlantic & Pacific Tea Co., 288 Pa. 160, 135 A. 607; Murray v. Bedell Co., 256 Ill.App. 247; Heidland v. Sears Roebuck & Co., 233 Mo.App. 874, 110 S.W. 2d 795; Battles v. Wellan, La.App., 195 So. 663; Lander v. Sears Roebuck & Co., 141 Me. 422, 44 A.2d 886. But there are cases to the contrary. Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177; Belzer v. Sears Roebuck & Co., Mo.App., 76 S.W.2d 701; Great Atlantic & Pacific Tea Co., v. McLravy, 6 Cir., 71 F.2d 396.

There is no evidence that the bank did anything or omitted to do anything which proprietors of buildings of ordinary care and prudence generally, under similar circumstances, do or omit to do for the protection of their patrons. The floor of the vestibule was standard and customary, without incline or defect. The absence of such inherently dangerous condition, causing or contributing to the customer's fall, takes the case out of such as Schmidt v. City of Newport, 184 Ky. 342, 212 S.W. 113; Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S.W. 16.

Negligence in the maintenance of premises, like in all other cases, is to be measured by the danger to be apprehended to persons of average intelligence who are exercising ordinary care and prudence for their own safety. Accepting the predicate that the bank was chargeable with knowledge that water on the floor made it slippery, since that is known to everybody, yet we must likewise accept the proposition that it is a common, usual and proper arrangement and that it is not foreseeable that a patron, coming into the vestibule during a shower of rain, will not also take cognizance of the slippery condition. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22.

The only possible negligence we can conceive is the failure of the bank to have a rubber mat in this vestibule or to have frequently mopped up the water. Certainly such a mat would have made it safer, but it is not shown that that was a common practice or precaution usually taken by proprietors under similar circum-

stances to keep access through their vestibules in a safe condition for their customers. However, if either of these omissions should be regarded as acts of negligence (a point we do not decide), the court is met with the plea of contributory negligence, so we may repeat what was said in Bridgford v. Stewart Dry Goods Co., supra, 191 Ky. 557, 231 S.W. 22, 23. "But, if mistaken in that [absence of negligence], we are quite sure that one who uses such a floor with full knowledge of its condition assumes any and all risks incident to its use." Of like effect is Cornwell v. S. S. Kresge Co., 112 W.Va. 237, 164 S.E. 156.

Wherefore, the judgment is affirmed.