JACK D. WALLS et al., Plaintiffs in Error, v. ROBERT C. LUEKING et al., Defendants in Error. —332 S. W. (2d) 692.

Eastern Section.   December 4, 1959.

Certiorari Denied by Supreme Court March 11, 1960.

638

McDavid & Lockett, Harriman, for plaintiffs in error.

John B. Rayson, Stuart F. Dye and Kramer, Dye, Mc-Nabb & Greenwood, Knoxville, and Elmer L. Eblen, Kingston, for defendants in error.

McAMIS, P. J. Jack D. Walls, et al, individually and as partners doing business under the style of Walls & Coker Coal Company, sued Lueking Brothers, a partnership, for $5,500 damages caused by a tree falling on two of plaintiffs' trucks while loading coal at defendant's strip mining operation. The trial court directed a verdict for defendant and plaintiffs have appealed.

The gravamen of the action is an alleged violation of the duty owing both by statute, T. C. A. sec. 58-1504, regulating strip mining operations, and under the common law to plaintiffs as invitees, to maintain the premises under defendant's control in a reasonably safe condition. The questions are: (1) Could reasonable minds disagree as to whether, under all the facts and circumstances, defendant failed to exercise due care and (2) Does the statute apply? There are no disputed facts.

The rule is that where different conclusions might reasonably be drawn from undisputed facts the questions of negligence and ordinary care are for the jury. Chattanooga Gas Company v. Underwood, 38 Tenn. App. 142, 270 S. W. (2d) 652; Shuler v. Clabough, 38 Tenn. App. 333, 274 S. W. (2d) 17; Managements Serv-

ices, Inc. v. Hellman, 40 Tenn. App. 127, 289 S. W. (2d) 711. It is only where all reasonable minds would agree that these questions may properly be withdrawn from the jury.

Giving full recognition and effect to these well established holdings, under the facts and circumstances hereinafter outlined, we have concluded that plaintiffs failed to make out, prima facie, a violation of any common law duty owing plaintiffs as invitees.

On August 24, 1956, defendant had under lease a large boundary of mountain land in Morgan County on which it was stripping coal. Plaintiffs had contracted with defendant on a per ton basis to haul the coal to Kingston where it was delivered to the T. V. A. Steam Plant. Access to the site of the stripping operation was over a private road seven miles in length through wooded lands covered by the defendant's lease.

About a week before the day in question defendant had blasted and removed the overburden at the particular location here in question on the side of the mountain, leaving exposed above ground on the upper side of the pit a solid rock bluff or wall about 30 feet high. Two of plaintiffs' trucks were standing at or near the base of this wall waiting to be loaded by defendant's highlift when suddenly and without warning a dead and somewhat decayed tree which had been standing 20 feet back of the wall toppled and fell over the bluff, damaging the two trucks.

The proof shows without dispute that the tree which fell could not be seen from the pit because of thick foliage on other trees and, for this reason, its presence could have been discovered by defendant only by making an

inspection of the area above the rock wall. We do not appear to have a case dealing with the question of the duty of inspection in discharging the obligation of a land owner to an invitee under analogous conditions.

In Northcross v. Loew's Memphis Theatre Co., 3 Tenn. App. 51, a building fell while in process of demolition injuring property of the plaintiff on adjoining premises. The court cited Patterson v. Jos. Schlitz Brewing Co., 16 S. D. 33, 91 N. W. 336, and said:

"The owner of property will be chargable with knowledge of a defect which a reasonable inspection would have revealed."

However, the circumstances of that case were entirely unlike those of the present case and did not involve the duty of a landowner to an invitee.

Cases cited in defendant's brief, including Chambers v. Whelen, 4 Cir., 44 F. (2d) 340; Zacharias v. Nesbitt, 150 Minn. 369, 185 N. W. 295, 19 A. L. R. 1016, 1019 and O'Brien v. U. S., D. C., 166 F. Supp. 231, dealing with the duty of a landowner to remove trees overhanging a public road are not materially helpful because they appear to be based on the theory that the duty of care is upon the public authority maintaining the road and not upon the landowner, that is, that the landowner in failing to remove the tree is not violating a duty owing a traveler on the public road. No cases are cited in the excellent brief filed by plaintiff's counsel where liability has been imposed under similar circumstances. The question must, therefore, be decided under general principles governing the liability of a landowner to an invitee.

In the leading case of Illinois Cent. R. Co. v. Nichols, 173 Tenn. 602, 612, 118 S. W. (2d) 213, 217, it was said:

"In order to impute to the owner knowledge of a dangerous thing, or place, the danger therefrom must be such as is recognized by common experience, or might reasonably be expected or anticipated by a person of ordinary prudence and foresight. Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made (here the ventilated slat floor) is insufficient as against an event such as might happen once in a lifetime (here that this customer for tomatoes would enter this freight car wearing a soft and worn rubber heel, and twist it between the slats, and fall through the car door) does not make out a case of actionable negligence. These rules, thus stated in 20 R. C. L., p. 16, have been announced in numerous opinions cited in the notes. As said by Mr. Justice Holmes, when on the Massachusetts Court, 'If men were held answerable for everything they did which was dangerous in fact, they would be held for all their acts from which harm in fact ensued. The use of the thing must be dangerous according to common experience, at least to the extent that there is a manifest and appreciable chance of harm from what is done, in view either of the actor's knowledge or of his conscious ignorance'. Com. v. Pierce, 138 Mass. 165, 52 Am. Rep. 264. In harmony are the holdings in this State that to render one liable for negligence, it must be shown that the damage was the ordinary or probable consequence of the act, or omission. Youngstown Bridge Co. v. Barnes, 98 Tenn. 401, 39 S. W. 714; East Tennessee Railroad Co. v. De Armond, 86 Tenn. 73, 5 S. W. 600, 6 Am. St. Rep. 816; Weeks v. McNulty, 101 Tenn. 495, 496, 48 S. W. 809, 43 L. R. A. 185, 70 Am. St. Rep. 693."

At page 615 of 173 Tenn, at page 217 of 118 S. W. (2d) it was held that liability is grounded on the superior

knowledge of the owner and that, "it is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. * * * And, hence, there is no liability from dangers that are obvious, or as well known to the person injured as to the owner."

■ An owner or occupant of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition including the duty of removing or warning against a dangerous condition which he knows or should in the exercise of reasonable care know to exist. He is not required to keep the premises absolutely safe and in determining whether proper care has been exercised it is proper to consider the nature of the property, the use for which it is intended and the particular circumstances of the case. 65 C. J. S. Negligence sec. 45, p. 532. There is no duty to give a warning against an unusual type of accident such as might occur once in a lifetime. Illinois Cent. R. Co. v. Nichols, supra.

■■ The invitee assumes all normal risks attendant upon his use of the premises. Kendall Oil Co. v. Payne, 41 Tenn. App. 201, 293 S. W. (2d) 40, and Gargaro v. Kroger Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561. The danger of falling trees lurks in all wooded and mountainous areas. It is a danger incident to the use of the premises by invitees of the owner or proprietor and, therefore, a normal risk which the invitee assumes when he enters upon the land.

We think reasonable minds must agree that to require a strip miner to make an inspection of surrounding wooded areas as the operation moves about over large areas from time to time would place upon the operators

of such mines a greater duty than that of exercising ordinary care.

The invitee knows as well as the owner that blasting and the use of heavy machinery is necessary to remove the overburden and if he feels that the danger of falling trees might thereby be increased he has equal opportunity with the owner to look for them. There is no proof, however, that the blasting a week before the accident caused the tree to fall. As the trial court well said, we could hold that it did only by indulging in pure speculation and conjecture.

Res ipsa loquitur has no application under the facts of this case. The narrow question is simply whether defendant, in the exercise of ordinary care, by making an inspection should have discovered the tree and, having discovered it, removed it.

Res ipsa has no application unless the accident is of a kind which ordinarily does not occur in the absence of negligence. Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 222 S. W. (2d) 889.

Plaintiffs' able counsel concedes that the question of the application of the statute, T. C. A. secs. 58-1504, subd. i, 58-1507, subds. a, f, is not free from doubt. These Sections are part of Chapter 15 regulating strip and open pit mines. The particular sections here invoked appear to us to be primarily aimed at the protection of employees around mine buildings and yards and to remove the danger of slides from overhanging ledges. We do not think it was intended by these sections to supplant the common law with respect to duties owing a business invitee while on the premises.

We find no error and it results that the assignments must be overruled and the judgment affirmed with costs.