# CLEO LARRY BUSLER v. CUT RATE SUPER MARKET NO. 1—334 S. W. (2d) 738.

Eastern Section.   January 6, 1960.

Certiorari Denied by Supreme Court April 6, 1960.

22

Ben C. Davis, William H. Cate and Penn, Hunter, Smith & Davis, Kingsport, for plaintiff in error.

Sidney G. Gilbreath, Jr., Kingsport, for defendant in error.

HOWARD, J.  Referring to the parties as they appeared in the trial Court, the plaintiff, Cleo Larry Busler, sued the defendant, Cut Rate Super Market No. 1, for damages for personal injuries he sustained in a fall while shopping in said market located on West Sullivan Street, in the City of Kingsport.  The accident occurred on December 30, 1958, at about 12:05 p.m.

On the date of the accident the plaintiff entered the defendant's market to purchase some groceries for his mother, with whom he was living.  On entering the market he had procured a cart provided for customers and was pushing it along a well lighted aisle approximately 5 feet wide when he slipped and fell to the floor.  The fall was caused by his stepping into a broken glass of pineapple preserves which someone had dropped or knocked off the shelf.

Plaintiff's declaration contains the usual averments of common law negligence, to which the defendant filed a plea of general issue, and the case proceeded to trial.

At the conclusion of all the proof the defendant moved for a directed verdict, which motion was overruled, and

the trial resulted in a jury verdict for the plaintiff for $1,400. The verdict was approved by the trial judge, and on the overruling of defendant's motion for a new trial this appeal in error resulted.

The gist of the assignments of error is that the trial judge erred in refusing peremptory instructions at the close of the proof, because: (a) there is no evidence to support the verdict, and (b) the plaintiff was guilty of contributory negligence as a matter of law, barring a recovery.

Inasmuch as the undisputed proof shows that defendant's employees had no knowledge of the presence of the broken glass of preserves in the aisle before the accident, the question for our review is whether the defendant had sufficient constructive knowledge of its presence. On this question, we shall now review the evidence introduced.

Plaintiff testified that on entering the market he procured one of the carts furnished customers, and was pushing it in the aisle when he slipped and fell; that as his vision of the floor was obstructed by the cart, he did not know of the broken glass or its contents until after he had fallen, and that the store was not crowded at the time.

Everett Riner, upon whom plaintiff relied to prove constructive notice, testified that he entered the market several minutes ahead of plaintiff; that as he was pushing his cart through the aisle, he saw the broken glass of preserves on the floor and kicked some of the glass under one of the shelves, but that he did not report this to any of the store's employees; that this occurred "four to five minutes" before plaintiff fell, and that on seeing plaintiff fall, he told one of defendant's employees who immediately went to plaintiff's assistance.

Defendant's Manager, Charles Fox, testified that he was on duty at the store when the accident happened; that about 10 minutes before the accident he made a thorough inspection of the aisles, all of which were well lighted, and that he found all of them clear; that from the time he made his inspection until plaintiff fell, no one reported any debris or other foreign matter in the aisles.

■ ■ The proprietor, owner, or management of a retail store is under an obligation to exercise ordinary care and diligence to maintain the premises in a reasonably safe condition for the patrons or customers of the store, who enter and remain therein as invitees. Such a proprietor or owner is not an insurer of the safety of customers in the store, but is liable only if injury results from a breach of the duty to use or exercise ordinary care for their safety and protection. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561; Hill v. Castner-Knott Dry Goods Co., 25 Tenn. App. 230, 166 S. W. (2d) 638; Illinois Central R. Co. v. Nichols, 173 Tenn. 602, 118 S. W. (2d) 213, 217.

In Illinois Central R. Co. v. Nichols, supra, our Supreme Court succinctly stated the measure of care owed by the owner of premises to invitees, as follows:

"It is unnecessary to cite authority for the proposition that mere ownership or occupancy of premises, here a car, does not render one liable for injuries to persons entering them; the owner is not an insurer, even when the visitor is an invitee. Liability is grounded on the superior knowledge of the owner of the danger to the invitee. It is when the perilous

condition is known to the owner and not known to person injured that a recovery is permitted.''

■ As appears, the market in the instant case was not crowded, the lighting was good, and plaintiff's view was not obstructed by other customers; and the only evidence of the dangerous condition was that it had existed from 4 to 5 minutes. This, in our opinion, was insufficient to establish constructive notice on the part of the defendant or its employees.

In Gargaro v. Kroger Grocery & Baking Co., supra, plaintiff's intestate was fatally injured when she tripped and fell over a shopping basket left in the aisle in defendant's store by one of defendant's other customers. There was a directed verdict for the defendant, and affirming the judgment the Western Section of this Court held that the proof that the basket had remained in the aisle from 20 to 30 minutes before the accident was not sufficient to charge the defendant with actionable negligence.

In Hardgrove v. Isaly Dairy Co., 139 Ohio St. 641, 41 N. E. (2d) 862, the plaintiff slipped and fell in the defendant's store on water which had dripped from a soft drink bottle which another customer had carried across the floor some 2 minutes before the accident. There was a judgment for the defendant, and affirming the judgment the Court stated that the two minutes between the time the water dripped on the floor and plaintiff's fall certainly was not a sufficient time in which to say that defendant had constructive notice of the alleged slippery condition.

In Parker v. McCrory Stores Corp., 376 Pa. 122, 101 A. (2d) 377, the facts are very similar to the facts here.

There the plaintiff sustained injuries when he stepped in a pool of water near the entrance of defendant's store. It had been snowing intermittently during the day of the accident, and plaintiff's witnesses who entered the store 3, 4 and 5 minutes before the accident described the floor as "plenty wet," "a puddle" and "a pool of water." There was a judgment for the defendant, and on appeal the Supreme Court, affirming the judgment, said:

" 'The defendant in this case was not an insurer; it owed to the plaintiff only the duty of reasonable care in the circumstances viz. to correct any unsafe condition which was discoverable by the exercise of reasonable care and diligence. Plaintiff had the burden of proving a defect or unsafe condition and that defendant had actual or constructive notice thereof. There was no evidence of actual notice. * * * "What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, * * * and the opportunity which defendant, as a reasonably prudent person, had to remedy it. Langley v. F. W. Woolworth Co., 47 R. I. 165, 131 A. 194. * * *' "

"No Court has ever held that five minutes is sufficient constructive notice of a dangerous condition; to so hold would be to make the defendant an insurer * * *."

Accordingly, after considering the evidence in the most favorable light to the plaintiff, we are of the opinion that the evidence failed to show a case of actionable negligence based on constructive notice. Therefore, the judgment is reversed, and the case will be dismissed at plaintiff's costs.

McAmis, P. J., and Hale, J., concur.