Mrs. Sue T. KINSER, Plaintiff-Appellee.

v.

RICH'S, INC., Defendant-Appellant.

No. 14651.

United States Court of Appeals
Sixth Circuit.

April 6, 1962.

Robert B. Ray, Knoxville, Tenn. (Ben F. McAuley, Robert R. Campbell, Poore, Cox, Baker & McAuley, Knoxville, Tenn., on the brief), for defendant-appellant.

Robert L. Badger, Kingston, Tenn., and Jack B. Draper, Knoxville, Tenn. (Foster D. Arnett, Knoxville, Tenn., on the brief), for plaintiff-appellee.

Before MILLER, Chief Judge, McALLISTER, Circuit Judge, and STARR, Senior District Judge.

PER CURIAM.

Appellee, Mrs. Sue T. Kinser, brought this action in the District Court to recover damages for injuries incurred when she slipped on the floor and fell while walking in appellant's department store in Knoxville, Tennessee.

Appellee testified that there was an oily slippery substance on the floor immediately in front of the counter in the cosmetic department in appellant's store and that she slipped on it and fell when she came to the cosmetic counter to look at a stick deodorant which she noticed was being displayed on one end of the counter. There was evidence that the floor surface at the cosmetic counter was some sort of plastic or vinyl tile, basically beige in color with a mottled or marble looking effect, which by reason of the blending made it difficult to see the oily substance on the floor.

At the close of all the evidence the Court overruled appellant's motion for a directed verdict. The jury returned a verdict for the appellee in the amount of $3,750.00. Appellant's motion for judgment notwithstanding the verdict was thereafter overruled and this appeal followed.

Appellant contends that the evidence failed to show actual or constructive knowledge on the part of the appel-

lant of the existence of the slippery substance on the floor, and that in the absence of such knowledge there was no actionable negligence on the part of the appellant. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W. 2d 561, 565; Mullen v. Winn-Dixie Stores, Inc., 252 F.2d 232, C.A. 4th.

This general rule would be applicable in this case if there was involved only the question of negligence because of the existence of a slippery foreign substance on appellant's floor caused to be there through the act of a stranger without knowledge of its existence on the part of the owner of the premises.

■■ But appellee's case is not restricted to such a situation. The uncontradicted evidence was that a bottle of oily lotion had been placed by appellant on the counter for the purpose of having prospective customers of any age handle it and sample its contents, that by pressing a plunger device on the top of the bottle persons could get some of the contents of the bottle on their hands, and that a small amount of the lotion, enough to make the floor slick if a foot or shoe came in contact with it, was seen on the floor after the accident immediately in front of the counter. Appellee testified that after she fell she saw an oily or creamy substance on the floor, and that some of it was on her dress and hose. She contends that employees and customers in using the lotion caused some of the oily contents of the bottle to fall upon the floor, thus negligently causing a dangerous condition for customers walking on the floor immediately in front of the counter. The District Judge in his instructions submitted this theory of actionable negligence to the jury, instructing it that if the appellant through the acts of its employees caused this portion of the floor in its store to be slippery and dangerous, the question of notice was immaterial.

We are of the opinion that the instruction on this aspect of the case was not erroneous and that the evidence was sufficient to submit this theory of liability to the jury. Pabst v. Hillman's, 293 Ill. App. 547, 554, 13 N.E.2d 77; Armstrong v. Kroger Grocery & Baking Co. (Mo. App.), 78 S.W.2d 564, 570; Sears, Roebuck & Co. v. Peterson, 76 F.2d 243, 246, C.A. 8th; S. S. Kresge Co. v. Rankin, 149 F.2d 934, C.A. 4th; Kroger Grocery & Baking Co. v. Diebold, 276 Ky. 349, 351–353, 124 S.W.2d 505.

The judgment is affirmed.