Harvey **KELLER**

v.

**EAST TENNESSEE PRODUCTION CREDIT ASSOCIATION.**

Court of Appeals of Tennessee, Eastern Section.

July 18, 1973.

Certiorari Denied by Supreme Court

Nov. 19, 1973.

Milligan, Coleman, Fletcher & Gaby, Greeneville, for appellant, East Tennessee Production Credit Assn.

Charles R. Terry, Morristown, John A. Armstrong, Greeneville, for appellee, Harvey Keller.

## OPINION

COOPER, Presiding Judge (E. S.)

Harvey Keller sued the East Tennessee Production Credit Association for damages for personal injuries sustained in a fall on premises owned by the defendant. On trial, the jury awarded plaintiff $10,000.00 in damages. The defendant appealed directing its assignments of error to the action of the trial judge in overruling defendant's motions for a directed verdict, and in refusing to give requested instructions to the jury.

The defendant insists there was no evidence of actionable negligence on the part of defendant to support a verdict in favor of the plaintiffs, and that the evidence shows the plaintiff was guilty of contributory negligence as a matter of law.

In considering these assignments of error, this Court in its review does not

weigh the evidence, but considers only whether there is any material evidence to support the verdict, and in such review we are required to take the strongest legitimate view of all the evidence favorable to the plaintiffs, disregard all to the contrary, and indulge all reasonable inferences to uphold the verdict. D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W.2d 897; Kunk v. Howell, 40 Tenn.App. 183, 289 S.W.2d 874.

■ It is only where the evidence is uncontradicted and a reasonable mind could draw only one conclusion from the evidence that a trial judge is justified in directing a verdict. Ford v. Vanderbilt University, 40 Tenn.App. 87, 289 S.W.2d 210.

Applying the foregoing rules to the facts of the instant cases, the evidence shows that defendant's business is located in a one-story building on Tusculum Boulevard in Greeneville, Tennessee. Defendant has provided for customer parking in front of the building, and also in a parking lot at the rear. Entrance to the building is gained through doors in the front and through a side door which opens off of the driveway leading to the rear parking lot. The side door is regularly used by defendant's employees and by customers who park in the rear parking lot.

To set the scene, the accident giving rise to this suit occurred at about 8:15 A.M. on January 15, 1970. The newspaper reports indicate that on the night of January 11th and on January 12, 1970, the Greeneville, Tennessee area experienced a sleet and snow storm. Thereafter the temperatures at night were sub-freezing and the daytime temperatures were in the thirties. On the day the accident occurred, defendant's front parking lot was clear of snow. There were patches of snow in the rear parking lot and in the driveway leading from the street to the parking lot. There were also clear areas where the snow had melted and the water had drained.

Defendant's employee, a Mr. Raider, checked both the front and side entrances to the building for icing at about 7:30 A.M., and spread salt over patches of ice on the front steps. This employee saw no ice at the side entrance.

Plaintiff, at the request of an employee of the defendant, went to defendant's office at about 8:00 A.M. to renew a note. The plaintiff parked his truck in the rear parking lot, walked to the building without incident, and entered the building through the side door.

On completing his business with defendant, plaintiff asked for and was granted permission to leave defendant's building by the side door. On reaching a point about five feet from the door, the plaintiff slipped and fell, breaking his right ankle.

The plaintiff testified that after falling, he saw an area of clear, glare ice around the grating located in the driveway in close proximity to the side door; that the ice was "almost transparent" and "looked the color of the [underlying] asphalt." Plaintiff testified he never noticed any ice on the way in and that there was no snow around the grating.

Mr. Ogle, defendant's general manager, testified, he knew there was a drainage problem in the area where plaintiff fell (it seems there is no drain from the grate under the driveway) and that the area stays wet. Mr. Ogle testified further that he had entered the building by the side door some fifteen minutes before plaintiff was injured and that he saw the ice around the grating. Mr. Ogle did not warn plaintiff of the ice when plaintiff indicated to him that he wanted to leave the building by the side door.

Mr. Ogle and other employees testified that there were clear areas in the driveway and the rear parking lot, and that a person could traverse the area safely if he kept a lookout for snow and ice.

The proprietor of a place of business is under a duty to exercise reasonable care to maintain his premises in a reasonably safe condition for use by his customers. This duty includes the removal of or warning against any dangerous condition on the premises, whether created by the employees of the proprietor or others using the premises or by the elements, if the circumstances of time and place are such that by the exercise of reasonable care the proprietor has or should have acquired knowledge of such condition. Allison v. Blount National Bank, 54 Tenn.App. 359, 390 S.W.2d 716; Grizzell v. Foxx, 48 Tenn. 462, 348 S.W.2d 815; Walls v. Lueking, 46 Tenn.App. 636, 332 S.W.2d 692. The proprietor's liability is predicated on his superior knowledge of the dangerous condition on his premises and he is not liable for injuries sustained from dangers that are obvious, reasonably apparent, or as well known to the customer as to the proprietor. Kendall Oil Co. v. Payne, 41 Tenn.App. 201, 293 S.W.2d 40; Allison v. Blount National Bank, 54 Tenn.App. 359, 390 S.W.2d 716; Anno. 62 A.L.R.2d 6, 28.

As pointed out in Kendall Oil Company v. Payne, 41 Tenn.App. 201, 293 S.W.2d 40, 42:

"Generally, whether or not the owner has exercised the required degree of care in maintaining his premises is a question of fact for the jury. Dolan v. Bry Block Merc. Co., supra, 23 Tenn.App. 47, 51, 126 S.W.2d 376, and cases there cited; 65 C.J.S., Negligence, § 274, p. 1212; 38 Am.Jur. 1063, Negligence, Section 356. If the danger is so obvious that a reasonably careful and prudent person would assume that an invitee would become aware of it in time to avoid injury to himself there is no duty to give warning of the danger. Generally, where the question of contributory negligence is involved, whether a defect is of such a nature that a person coming upon the premises should observe and avoid it is for the jury. 65 C.J.S., Negligence, § 257, pp. 1166, 1167. Similarly, on the question of defendant's negligence, we think the question of whether a proprietor is guilty of negligence in relying upon the invitee observing and avoiding the danger and, for that reason failing to give warning, generally, presents a question for the jury."

In our opinion, under the evidence set out above, reasonable minds might disagree as to whether the defendant was guilty of negligence (1) in maintaining at an entrance to its building a defective drain, knowing that water would stand around the drain and ice would form when the outside temperature fell below freezing, and (2) in relying upon invitees observing the slick and dangerous condition around the grating and avoiding injury therefrom. Further, we think it was for the jury to say whether the plaintiff was guilty of contributory negligence in failing to see the ice in view of evidence that the ice was transparent and looked the color of the underlying asphalt.

We are also of the opinion it was for the jury to say whether defendant's negligence or plaintiff's contributory negligence, if any, in failing to observe the danger constituted the proximate cause of plaintiff's injuries. In our opinion defendant's motion for peremptory instructions was properly overruled.

In its remaining assignment of error, the defendant insists the trial judge committed prejudicial error in refusing to give three requested instructions to the jury. One instruction related to the duty of the defendant to remove the natural accumulation of snow and ice from premises used by defendant's customers as voiced in Grizzell v. Foxx, supra. A second instruction related to the effect of testimony by a witness that he did not see that which was there to be seen. The third instruction undertook to set out the duty of the plaintiff to exercise ordinary care for his own safety. The

trial judge denied these instructions on the ground they were adequately covered in the general charge.

The defendant does not discuss the latter two special requests in his brief, but does contend that the failure of the trial judge to give the requested instruction on the duty of the defendant with respect to the natural accumulation of snow and ice on defendant's premises was prejudicial error. The predicate of defendant's liability under the proof was not the breach of a duty to remove the natural accumulation of snow and ice on the driveway as in the case of Grizzell v. Foxx, supra, but was the accumulation and freezing of water on the driveway as the result of a defective drain and the failure of the defendant to give warning of the presence of ice around the drain. But, in any event, as pointed out in Grizzell v. Foxx, there is no reason to differentiate between the "ice and snow situation" and other types of defects or dangerous conditions on premises where the proprietor is under a duty to exercise reasonable care to keep the premises safe for his customer's lawful use of them.

"To set apart this particular source of danger is to create a distinction without a sound difference." 1 Tiffany, Landlord and Tenant, p. 633, quoted with approval in Grizzell v. Foxx, supra. See also 26 A.L.R. 614.

The instructions to the jury in the instant case, when read in context, are comprehensive and accurately set forth the duties owed by both the plaintiff and the defendant under the evidence introduced on the trial of the cause. Consequently, we find no prejudicial error in the refusal of the trial judge to give the requested instructions.

Judgment affirmed. Costs incident to the appeal are adjudged against the defendant, East Tennessee Production Credit Association.

PARROTT and SANDERS, JJ., concur.