LOUISVILLE & NASHVILLE R. R. CO. v. R. H. AND ALMETER POWELL.

Western Section.    July 3, 1929.

Petition for Certiorari denied by Supreme Court, March 15, 1930.

254

Henry J. Livingston and F. M. Henderson, of Memphis, for plaintiff in error.

W. G. Cavett and H. S. Buchanan, of Memphis, for defendant in error.

HEISKELL, J.   These two suits were brought by husband and wife and were tried together in Division Four of the Circuit Court of Shelby county, Tennessee, resulting in a judgment for $1,000 in favor of the plaintiff, Almeter Powell, and a judgment for $500 in favor of the plaintiff, R. H. Powell.   The suits grew out of an accident occurring on the morning of February 8, 1928, at the Memphis Union Station, in which the plaintiff, Almeter Powell, fell upon the station platform when alighting from one of the defendant's trains.   The suits being companion cases and having been tried together, will be discussed as one except where differences are essential.

The declarations allege that the plaintiff, Almeter Powell, boarded said train at Stanton, Tennessee, about 6:23 A. M. on said date, having purchased a ticket to Memphis; that said train came to a stop at the Memphis Union Station and while said plaintiff was in the act of getting off said train at the invitation of defendant "and was on the steps of the coach of said train and was in the act of stepping from the bottom step of said train to the ground" the train was willfully, maliciously, recklessly and negligently started without notice or warning, causing said plaintiff to be thrown to the platform seriously and permanently injuring her; that the train was started with a sudden and unusual jerk whereby she was caused to fall from said train.   There is a conflict of proof as to whether the passengers were invited to alight.

The defendant filed pleas of not guilty and contributory negligence.

The defendant has appealed and assigned errors. The first and second errors are as follows:

## I.

"The court erred in overruling the motion of the defendant made at the close of the plaintiff's case and renewed at the close of all the evidence for a directed verdict in favor of the defendant upon the ground that the proof failed to show liability under the law and the pleadings; especially in that there was a material and fatal variance between the allegations of the declarations as to the manner in which the accident occurred and the proof offered by the plaintiffs. The declarations charged that the plaintiff, Almeter Powell, was thrown by the starting of the defendant's train while she was in the act of getting off said train and was 'in the act of stepping from the bottom step of said train to the ground,' whereas upon the trial Almeter Powell and her sister, Caroline Hall, the only witnesses who testified as to the circumstances of Almeter's fall from said train stated that the train started when she was beginning to descend the steps of the car in which she had been riding and was about the second of said steps and that she was not in the act of stepping from the bottom step to the platform when the train started: and there was no evidence in support of the above allegations of the declaration as to the manner of the accident. to the said Almeter Powell.

## II.

"There is no evidence to sustain the verdicts and judgments for the reasons stated in the foregoing assignment of error; that is the declarations allege that Almeter Powell was thrown by the starting of defendant's train while she was 'in the act of stepping from the bottom step of said train to the ground;' whereas there is no evidence supporting this allegation and all the plaintiffs' evidence is to the effect that the accident did not occur in this manner, but that Almeter Powell was thrown by the starting of the train while she was beginning to descend the steps of the car."

In support of these assignments, certain propositions of law are announced in the defendant's brief, as follows:

"Under a declaration averring specific act of negligence as grounds for recovery, the plaintiff cannot recover upon proof of other acts of negligence.'

"Recovery should be confined to the negligence as charged in the declaration, and instructions by the court which are so

broad and general, as to allow recovery for acts of negligence not averred are erroneous.''

These propositions are supported by the citation of numerous authorities and are sound law, but they do not apply to the present case. The negligence charged here is that the train stopped and while at a standstill the passengers were notified to get off and while they were proceeding to get off, the train without warning, started with a jerk. As to this there is no variance between the declaration and the proof. The only variance is as to whether the plaintiff Almeter Powell, was on the second step or the last step when she was thrown off. This variance is clear, but it does not go to the question of defendant's negligence. No authority is cited to show that such a discrepancy is fatal. If such authority existed, we feel sure diligent counsel would have found it, and in the absence of authority we think the variance immaterial. Plaintiff gave a statement soon after the accident to the same effect as her declaration. This goes only to the weight of her testimony with the jury. Some allowance must be made for slight differences between statements made by clients and those statements as embodied in pleadings and memoranda by counsel or the stenographers of counsel. As the variance here does not go to the negligence, we think it is not material.

The third, fourth, fifth and sixth assignments claim that the two verdicts are excessive. As to the verdict for $1,000 in favor of Almeter Powell it is contended that the proof of injury does not warrant the amount. That no permanent injury is shown. The accident occurred February 8, 1928, and the trial before the jury was December 7, 1928, and the plaintiff testified that she had not recovered and had not been able to work. She says she suffered a great deal. The defendant claims that she exaggerated her injuries and her sufferings. Perhaps so, but the jury could judge of this better than we can. Her doctor's bill for services of Dr. Polk was $74 and the trial judge refused to disturb the verdict. The verdict of $500 in favor of the husband is attacked because the proof does not show that he paid out that much. He says he paid out $26 to one person and $74 to another for services which she would have performed. Dr. Polk's bill was $74. This makes $174. Then he had to pay $43 for help in his store by reason of losing her services. We thing $250 will cover the damage proved by the husband and suggest a remittitur of this amount making his judgment $250. If this is accepted within thirty days this judgment will be affirmed, otherwise it will be reversed. We decline to disturb the judgment of $1000 in favor of the wife, on the ground that it is excessive.

The seventh assignment is:

''The court erred in charging the jury as follows with reference to the said Almeter Powell:

" 'Plaintiff further alleges in her declaration that when said train reached the Union Station, in the City of Memphis, that said train was stopped; that she attempted to alight therefrom, and whilst she was engaged in alighting therefrom, and was upon the steps of the train for that purpose, that the agents, employees of the defendant, in charge of said train, negligently and recklessly caused the train to move or start up and that as a result of the train thus being moved or started up, that she was caused to fall or be thrown from the train, and that she was injured, and that the starting of the train after it had been stopped, was the proximate cause of her falling and resulting injury.'

"The foregoing is an incomplete and inaccurate statement of the allegations of the declaration in that it does not contain the allegations of said declaration to the effect that while the said Almeter Powell was 'in the act of getting off of said train and was on the step of the coach of said train and was in the act of stepping from the bottom step of said train to the ground when the employees or agents of the defendant willfully, maliciously, recklessly and negligently started said train without notice or warning.'

"The plaintiff's right to recover should have been conditioned by the charge upon proof of occurrence of the accident in manner and form as alleged in the declaration."

This is the same question raised by assignments one and two, which we have discussed. The trial court evidently considered the variance between the declaration and the proof immaterial and ignored it.

The eighth assignment of error is:

"The court erred in charging the jury as follows:

" 'Now before the plaintiff, Almeter Powell, can recover in her lawsuit, she must show by the preponderance of the evidence that after the train arrived at the Union Station, in the City of Memphis, that it stopped; that after it was stopped, that she attempted to alight therefrom; and that whilst she was engaged in that attempt and was on the steps of the coach in which she was riding for that purpose, that the train was moved or started up; that she fell therefrom, and was injured. And that the moving or starting of the train was the proximate cause of her falling and resulting injury.

" 'Now, gentlemen, if you find these alleged facts from the proof or the preponderance of the evidence in the case; that is, if you find from the preponderance of the evidence in the case that the plaintiff, Almeter Powell, has shown these facts to be true from the preponderance of the evidence, then you should find for the plaintiff, Almeter Powell, and return your verdict for her.'

"The foregoing could not in any case be a correct statement of the law unless the undisputed proof showed that Almeter Powell had been invited to alight from the train before her fall, whereas the defendant's flagman, Williams, testified positively that he had not called in the colored coach inviting the passengers to alight. Even if the train stopped, as testified by Almeter Powell and her sister, this of itself would not be an invitation to alight and would not render the defendant liable for a subsequent movement of the train in the absence of proof that such movement was negligent."

Assuming the correctness of defendant's contention as to what the charge should contain, this might be a serious omission if there was nothing in the charge to supply it. But if we turn to the charge we find this:

"In this connection gentlemen, the court charges you that the action of the employee or agent of the Railroad Company in calling different stations, is not even an invitation to the passengers to alight or go upon the platform of the train for that purpose, but is merely a notice to them to prepare to alight after the train has been brought to a stop."

This part of the charge follows in connection with the excerpt complained of. The jurors knew there was a conflict of testimony as to whether the passengers had been invited to get off after or before the train stopped, so the charge must be taken as telling the jury that the announcement of Memphis before the train stopped, could not be taken as an invitation, and by necessary implication that calling or announcing the station after the train came to a stop, would be an invitation to alight. Taken in the connection in which it was said, this could not have been misunderstood by the jurors.

It is significant at least that the third additional request for instructions to the jury on behalf of defendant is identical in substance, with the clause last quoted supra. The reason why this request was refused was manifestly because after a few immaterial verbal changes it had been given already. Counsel for the defendant evidently thought this charge requested was all that defendant needed, otherwise the court would have been requested to tell the jury that in order to recover, the plaintiff must show an invitation to alight by an announcement of the Union Station after the train came to a stop, and this is what counsel should have done if that was considered necessary. However, even without the last clause quoted above was there any error in the charge as set out in the assignment? The porter says he first opened the step cover in the vestibule to the colored coach and then went back to the white coach. Therefore when the train made its first stop the open way

was an invitation to alight. This could have been negatived by leaving the hatchway closed, or having some one there, until it was intended for passengers to get off. But aside from all this, the question arises whether it is necessary to prove an invitation to alight either express or implied in order to recover in the present case.

In the case of N., C. & St. L. v. Akin, 140 Tenn., 34, 38, Mr. Justice Williams announced the decision of the court as follows, to-wit:

"The result of the best decisions is thus tersely stated in 4 R. C. L., p. 1245:

"'In the case of persons in the act of boarding or leaving its (the carrier's) vehicle, any movement of such vehicle before the passenger has had a reasonable opportunity to reach a place of safety therein or to alight therefrom is negligence rendering the carrier liable to one injured thereby, whether such movement be unusual or unnecessary or not. The negligence consists in the mere act of moving the vehicle under such circumstances.'

"See. also. 10 C. J., p. 1031, and Railroad v. Mitchell, 98 Tenn., 30. 40 S. W. 72.

"Any necessary movement in such circumstances carries an inference of negligence if the passenger is not warned."

Counsel for defendant admits that the trial Judge had this Akin case in mind in delivering the charge set out in his eighth assignment, but insists that it does not warrant the omission complained of, because in that case the plaintiff was invited by the agents of the Railway Company to alight. The opinion does say this is charged in the declaration but does not say it was proved, and in the deciding part of the opinion of the court seems to ignore the idea of an invitation to alight. In the case of persons leaving the carrier's vehicle the negligence consists in the mere act of moving the vehicle under such circumstances without warning. According to this construction of the case of R. R. v. Akin there was no error in the charge complained of. All that it was necessary for the jury to find was that while the plaintiff was about to alight after the train came to a stop, it started without warning. There was abundant evidence to support this finding.

The ninth assignment, if we understand it, is that it was error to give after the charge complained of in assignment eight, the following:

"The court further charges you, gentlemen, that a common carrier of passengers, such as the defendant, is chargeable under the law with the exercise of the highest degree of care for the safety of or preservation of its passengers."

We find no error in this. Railroad Co. v. Marlin, 135 Tenn., 435, 186 S. W., 595; Memphis Street Ry. Co. v. Cavell, 135 Tenn., 462, 187 S. W., 179.

The tenth assignment is based upon the charge:

"You may take into consideration in estimating the compensatory damages, which alone are recoverable in a case like this, the personal pain and suffering, mental and physical of plaintiff, resulting from her injuries and the consequences of permanent injury, if the evidence justifies such a finding."

The complaint is that the court allowed the jury to consider the consequences of permanent injury if the evidence justified such a finding when there was no proof tending to show permanent injury. There was proof tending to show that ten months after the accident she had not recovered. Besides this goes only to the question that the verdict is excessive and it may be accounted for without the element of permanent injury.

The eleventh assignment complains that the court did not charge the jury on the question of contributory negligence. No conduct of the plaintiff is charged to amount to contributory negligence, therefore, no charge on the subject could be demanded by defendant.

The twelfth assignment is based upon the refusal of the court to give the sixth instruction requested by defendant on the subject of the preponderance of proof. This request was not essentially different from the charge given on this subject.

It follows that all assignments are overruled and the judgment of the lower court is affirmed. Defendant and surety on appeal bond will pay the costs of appeal.

Owen and Senter, JJ., concur.