ARKANSAS POWER & LIGHT COMPANY v. THOMPSON.

4-5221                                    120 S. W. 2d 709.

Opinion delivered October 31, 1938.

*House, Moses & Holmes, T. J. Gentry, Jr., Eugene R. Warren,* for appellant.

*J. C. Pennix, Sam T. & Tom Poe, C. E. Johnson,* for appellee.

HUMPHREYS, J. This is a suit brought by appellee against appellant in the circuit court of Pike county to recover damages for injuries received by him in stumbling over a guy wire and stob or stake after dark on September 13, 1937, which appellant had placed in his front yard in the absence of himself and family thereby rendering the premises unsafe and dangerous and negligently leaving them in that condition without giving notice to appellee or without appellee's knowledge that it had erected a service pole in his yard and anchored it with the guy wire attached to the pole and tied to a stob driven down in the yard to secure the other end of the wire.

The gist of the negligence alleged is that although appellant rightfully entered the premises for the purpose of erecting a service pole to carry electricity into the residence then occupied by appellee and to attach to the pole a guy wire held at the other end by a steel stob or stake, yet it was erected and negligently left in a danger-condition without giving appellee notice that it had erected same and without knowledge on the part of appellee that it had done so, and that appellee in the exercise of ordinary care for his own safety, went to the yard fence near his front porch to get some bedclothing he had hung on the fence that morning and after taking them in his arms and starting to turn he caught his foot under the guy wire and fell on the steel stob or stake and injured his back to his damage in the sum of $10,000.

Appellant filed an answer denying the material allegations of the complaint and interposing the further defense of contributory negligence on the part of appellee.

The cause was submitted to a jury upon the pleadings, testimony adduced and instructions of the court resulting in a verdict and consequent judgment for $10,000, from which is this appeal.

The record reflects that appellee resided upon the Simpson farm near Jacksonville as a tenant at the time

he was injured and had resided thereon for a number of years. Ed Simpson, his landlord, had given permission to appellant to enter and erect service lines for electricity into his tenant houses, four in number, one of which was occupied by appellee.

The testimony, stated in the most favorable light to appellee is, in substance, as follows:

Monday morning, September 13, 1937, appellee, at the request of his wife, placed some bed-clothing on the yard fence. After breakfast he went to the cotton field to pick cotton. He returned for dinner and after dinner appellee and his family again went to the cotton field to pick cotton and did not return until about dark. They came in the back way and after doing up his chores and eating supper his wife requested him to bring in the bed-clothing. During the afternoon appellant's employees entered the yard without the knowledge of any member of appellee's family and without notice to him and erected a light pole and attached thereto a guy wire anchoring the wire to a steel stob, or stake, driven into the ground. The stake was driven into the ground about 19 feet from the corner of appellee's front porch and some 30 odd feet from his front door step and near the place he had hung the bed-clothing that morning. When requested to bring in the bed-clothing he went to the yard fence where he had hung them and, in turning around, his right foot and leg became entangled in the stob and guy wire and he fell to the ground on his back and right side which resulted in fracturing the fifth lumbar vertebra in his spinal column and a separation of the left sacro-iliac joint which caused a pressure of the sciatic nerve in the right leg and on the lumbar nerves which produces constant pain; that as a result of the injury his right leg is shorter than the other causing him to limp and walk with a cane; that the injury is permanent and will cause him to suffer pain at times during the remainder of his life; that should he attempt to work it will aggravate his condition. The record reflects a sharp conflict in the evidence as to whether appellee had knowledge of the erection of the pole, guy wire and stob or whether notice was given to him that same would be erected during the afternoon of September 13,

1937, and is also in sharp conflict as to whether appellee was injured and the extent thereof.

The law of negligence applicable to cases of this character is as follows (quoting from 45 Corpus Juris, p. 882):

"A person rightfully entering upon the premises of another is liable for injuries caused by his acts in rendering the premises unsafe and dangerous and negligently leaving them in that condition."

The court gave instruction No. 2 which was objected to generally by appellant, but it does not argue in its brief that it is an erroneous declaration of law applicable to the facts in this case. Instruction No. 2 is as follows:

"If you find from a preponderance of the evidence, under the instructions of the court, the plaintiff, H. E. Thompson, was injured after nightfall on September 13, 1937, and while exercising ordinary care for his own safety, and the defendant, Arkansas Power & Light Company, by, and through its agents, servants and employees, during the daytime of September 13, 1937, without the knowledge of plaintiff, erected a wooden pole, and attached thereto a guy wire, in the front yard of the premises occupied and rented by plaintiff, and at a place where plaintiff was likely, and had a right to walk, and that defendant's agents, servants and employees negligently failed to leave the yard in a condition substantially as safe as that in which they found it, and also, failed to notify plaintiff they intended to erect such pole and guy wire, or that it had been erected, and plaintiff was without knowledge of any fact, or facts, to put him on notice the pole and guy wire were in the premises, and that the negligence of the agents, servants, and employees of defendants, if any, was the proximate cause of the injury, if any, sustained by the plaintiff, then your verdict will be for the plaintiff, unless you should find that the plaintiff, H. E. Thompson, was guilty of contributory negligence, as defined elsewhere in these instructions."

Appellant does argue in his brief that instruction No. 1 given by the court is not a correct declaration of law applicable to the facts in this case. Instruction No. 1 is substantially the same as instruction No. 2.

In substance, instruction No. 1 told the jury that if you find that appellant through its servants entered the yard occupied by H. E. Thompson, to erect the pole and guy wire, then it became and was the duty of appellant when it left the premises, to exercise ordinary care to leave the yard in a condition substantially as safe as they found it. This instruction was not a finding instruction and did not tell the jury that if they found certain facts to be true that it (the jury) should return a verdict for appellant. It was more in the nature of a general declaration of the law applicable to cases of this character and was within the rule of law as announced in Corpus Juris, *supra.* It is true that it did not take into account whether appellee had knowledge or notice that the pole, guy wire and stob had been placed in his yard, but no specific objection was made to the instruction on this account. If this omission from the instruction was error it should have been reached by a specific objection.

We do not think the court committed reversible error in giving instruction No. 1. In other words, we do not think it is inherently erroneous.

Appellant also contends for a reversal of the judgment because appellee, as a matter of law, was guilty of contributory negligence under the facts in the case. The question of whether appellee was guilty of contributory negligence depended upon whether he had knowledge that the pole, guy wire and stob had been erected in his yard or whether notice was given to him that it would be erected during the afternoon or day of September 13, 1937. Without such knowledge or notice appellee had a perfect right to walk out in his yard after dark without taking into account that a pole, guy wire and stob had been placed there during his absence. A man is usually so familiar with his own yard that he can walk all over it in the dark in perfect safety. The question of whether he had notice or knowledge of the erection of the pole, guy wire and stob in his yard was one for the jury in view of the conflict in the evidence upon that issue.

Lastly appellant contends that the verdict is excessive. As heretofore stated the evidence is conflicting as to the extent of appellee's injuries. The experts who

x-rayed the back of H. E. Thompson disagreed as to the extent of the injuries received by appellee in falling over the guy wire. One of them who made an x-ray examination states that his x-ray picture shows that the fifth lumbar vertebra in appellee's spinal column was fractured and that the sacro-iliac joint was separated. The other two who made x-ray examinations of appellee's back say the fifth lumbar vertebra was not fractured and that the sacro-iliac joint was not separated, in other words, that he received no injury whatever to his back. The lay witnesses also differ as to the extent of appellee's injury, but these were questions for the jury to determine. The jury was the sole judge of the credibility of these witnesses and the weight to be attached to their testimony. This court will not invade the exclusive province of the jury in determining the credibility of the witnesses and the weight to be attached to their testimony.

Appellee was 47 years of age and had an expectancy of about 23 years. The year before he was injured he earned $1,500 and in other years before his injury he had earned $2,000. According to the testimony introduced in behalf of appellee his earning capacity as a laborer is destroyed. The evidence in his behalf shows that he suffered much pain growing out of his injury and will continue to suffer pain the rest of his life and on account of his injury will be a cripple, whereas, before his injury he was an able-bodied man capable of doing heavy plowing and other manual labor. Under these circumstances the amount of the verdict does not reflect that the jury in reaching the verdict was influenced by passion or prejudice.

No error appearing, the judgment is affirmed.

BAKER, J., disqualified and not participating.