EULA F. BROOME v. PARKVIEW, INCORPORAT-
ED, and HORACE CLEMENS.—359 S. W. (2d) 566.

Eastern Section. January 11, 1962.

D. H. Rosier, Jr., D. K. Thomas, Maryville, for plaintiff in error.

Goddard & Gamble, Maryville, for defendant in error Parkview, Inc.

Rom Meares, Maryville, for defendant in error Horace Clemens.

COOPER, J. Referring to the parties as they appeared below, the plaintiff, Eula F. Broome, brought this action

in an effort to recover damages for personal injuries she sustained in a fall. The action was brought against Horace Clemens, the lessee and operator of the bowling alley where the plaintiff fell, and against Parkview, Inc., a construction firm which was constructing an addition to the bowling alley.

In her declaration, the plaintiff alleged that in constructing the addition to the bowling alley, the defendant Parkview, Inc. removed a portion of the brick wall adjacent to the bowling alleys being used by the public, and concealed the absence of the wall by covering the space with a non-transparent plastic sheet; that the plaintiff, while awaiting the return of her bowling ball, attempted to lean against the wall in question and, when the plastic sheet would not support her weight, she fell, receiving serious and painful injuries to her left arm and shoulder. The plaintiff charged that the defendant Parkview, Inc. negligently created a dangerous condition when it removed the wall and concealed its absence; and that the defendant Clemens was negligent, having knowledge of the dangerous condition so created, in permitting the public to use the bowling alley adjoining the wall. The plaintiff further charged that both defendants were negligent in failing to warn the patrons of the bowling alley, either by signs or barricades, of the dangerous condition.

The defendants filed special pleas denying any negligence and alleging that the plaintiff's fall and resulting injuries were proximately caused by her negligence.

The case was tried before the Court and a jury. At the close of the plaintiff's proof, the Court directed a verdict on the grounds that (1) there was no proof of negligence of either defendant; (2) that the plaintiff was guilty of

contributory negligence; and (3) that there was a material variance between the declaration and the proof. The plaintiff appealed insisting that the trial court erred in directing a verdict for the defendants.

The facts, concerning which there is no substantial dispute, are as follows:

The defendant, Horace Clemens, operated a bowling alley in Maryville, Tennessee. At Clemens request, the owner of the building in which the alley was located, contracted with the defendant Parkview, Inc. to remodel and enlarge the bowling alley. In order to keep interference with the normal operation of the bowling alleys at a minimum, Parkview first constructed the outside walls of the addition, roofed it, and then undertook to remove the old outside wall which was adjacent to alley number 1. Knowing that the alleys were being used by the public and in an effort to keep heat in the building, Parkview suspended a plastic sheet, sixty feet in length, from the roof of the bowling alley along the inside and over the wall, leaving a small open space between the front of the building and the plastic sheet. The brick wall could be seen extending from behind the plastic sheet to the rear of the building. While the plastic sheet was so suspended, and between the preceding Saturday and the accident on Thursday, December 10th, 1959, Parkview removed a portion of the wall. No signs were posted nor barricades erected to warn the patrons of the bowling alley that a portion of the wall behind the plastic curtain had been removed.

The plaintiff was a member of a bowling team that bowled regularly each Thursday. On December 10th, 1959, her team was assigned by the defendant Clemens to bowl on alleys 1 and 2. After she had been bowling ap-

proximately one and one-half hours, the plaintiff delivered a bowling ball on alley 1 and knocked down all pins except the No. 10 pin. The plaintiff then moved to the left edge of the alley near the plastic curtain and delivered her ball in an effort to cross the alley and hit the No. 10 pin. After releasing the ball, she took 2 or 3 steps backwards, twisting her body in an effort to apply ''body English'' to her ball; she then attempted to lean against the wall which was to her left, as she had done in the past, and fell through the plastic curtain into the area which was under construction, receiving the injuries about which she complains.

The plaintiff testified that while she knew generally of the construction work that had been under way for approximately two months, she did not know that a part of the wall behind the plastic curtain had been removed. She further testified that she had seen the open portion of the wall in question near the front of the bowling alley, but had assumed that it was an opening for the workmen to use as an entrance to the work on the new addition as the outside wall of the addition was completed.

Blanche McGhee, who was bowling on the team with the plaintiff, testified that there was nothing to indicate that the wall in question had been removed; that she had bowled on the preceding Saturday, and had noticed the plastic sheet suspended in the same manner as it was at the time of the accident; that, at that time, she could see through the plastic sheet as she bowled during the day and that the wall behind the plastic was complete.

■ ■ ''An owner or occupant of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe

and suitable condition including the duty of removing or warning against a dangerous condition which he knows or should in the exercise of reasonable care know to exist.'' Walls v. Lueking, 46 Tenn. App. 636, 332 S. W. (2d) 692; Kendall Oil Co. v. Payne, 41 Tenn. App. 201, 293 S. W. (2d) 40; Dolan v. Bry Block Mercantile Co., 23 Tenn. App. 47, 51, 126 S. W. (2d) 376. A contractor, who performs work on premises to which the public is invited during the course of the work, is liable for injuries caused by his acts in rendering the premises unsafe and dangerous and negligently leaving them in that condition. Blair v. Durham, 6 Cir., 134 F. (2d) 729; East Tennessee Light & Power Co. v. Gose, 23 Tenn. App. 280, 130 S. W. (2d) 984; Arkansas Power & Light Co. v. Thompson, 196 Ark. 1012, 120 S. W. (2d) 709; 65 C. J. S. Negligence sec. 94, p. 609.

■■ Liability of the proprietor and the contractor is sustained on the ground of their superior knowledge of a perilous condition on the premises and they are not liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. Kendall Oil Co. v. Payne, supra; Illinois Cent. Ry. Co. v. Nichols, 173 Tenn. 602, 118 S. W. (2d) 213; Park v. Sinclair Refining Co., 24 Tenn. App. 204, 142 S. W. (2d) 321; East Tennessee Light & Power Co. v. Gose, supra; 38 Am. Jur. 757, 758. The invitee assumes all normal or obvious risks attendant on the use of the premises. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561; 65 C. J. S. Negligence sec. 50, p. 541.

''Generally, whether or not the owner has exercised the required degree of care in maintaining his premises is a

question of fact for the jury. Dolan v. Bry Block Merc. Co., supra, 23 Tenn. App. 47, 51, 126 S. W. (2d) 376, and cases there cited; 65 C. J. S., Negligence, sec. 274, p. 1212; 38 Am. Jur. 1063, Negligence, Section 356. If the danger is so obvious that a reasonably careful and prudent person would assume that an invitee would become aware of it in time to avoid injury to himself there is no duty to give warning of the danger. Generally, where the question of contributory negligence is involved, whether a defect is of such a nature that a person coming upon the premises should observe and avoid it is for the jury. 65 C. J. S., Negligence, sec. 257, pp. 1166, 1167. Similarly, on the question of defendant's negligence, we think the question of whether a proprietor is guilty of negligence in relying upon the invitee observing and avoiding the danger and, for that reason failing to give warning, generally, presents a question for the jury." Kendall Oil Co. v. Payne, supra.

In our opinion, under the facts of this case, reasonable minds might disagree as to whether the defendants exercised the required degree of care to see that the premises were reasonably safe for those who were invited to use them, and in relying upon the invitees observing the dangerous condition of the premises and avoiding injury therefrom. Further, we are of the opinion, that reasonable minds might disagree as to whether the absence of the wall, and the dangerous situation it created, was obvious in view of the fact that proof showed that the curtain was originally hung over the solid wall and permitted to remain there for several days before a portion of the wall was removed, and in view of the fact that the curtain was opaque, was hung in front of the wall, and the wall could be seen extending from behind the plastic sheet

and continuing to the rear of the building. We think that, under these circumstances, the jury could reasonably find that the presence of the plastic sheet was a concealment of a danger rather than a warning.

It is strongly urged that the plaintiff was guilty of contributory negligence as a matter of law in "backing up to her left, watching the ball and not watching where she was going." On this point it should be noted that there is material evidence in the record to the effect that the plaintiff did not fall when she stepped backwards, but fell when she attempted to lean against the wall adjacent to alley No. 1.

In Osborn et al. v. City of Nashville et al., 182 Tenn. 197, at 203-204, 185 S. W. (2d) 510, 513, it is said:

"It is elementary that when there is material evidence that either of the parties has acted with a lack of care and the lack of care is causally connected with the injury, a jury question is created:

" 'The quesion of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his

recovery.' " Carey Roofing & Mfg. Co. v. Black, 129 Tenn. 30, 36, 37, 164 S. W. 1183, 1185 [51 L. R. A., N. S., 340].

" 'The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law, when and only when the facts are undisputable, being stipulated, found by the court or jury, or established by evidence that is free from conflict, and when the inference from the facts is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it.' " 20 R. C. L. 169, 170, 171 sec. 141; Louvier v. City of Nashville, 1 Tenn. App. 401; Park City v. Owens, 7 Tenn. Civ. App. 359; Jackson v. City of Nashville, 17 Tenn. App. 413, 417, 68 S. W. (2d) 137."

From our review of the evidence concerning the facts and circumstances of the plaintiff's fall, and its proximate cause, we are convinced that issues of fact were created which required the submission of the case to the jury for determination.

■ Finally, it is insisted by the defendants that there was a fatal variance between the declaration and the proof in this cause. That portion of the declaration to which the defendants specifically refer charges that "while plaintiff was awaiting the return of a bowling ball * * * she attempted to lean against the wall that she had always found to be in place behind the [plastic] sheet * * * and thereupon said sheet gave way, there being no wall behind it, causing this plaintiff to fall. "The proof, as set out above, shows that the plaintiff had delivered her bowling ball and was watching the ball as it approach-

ed the No. 10 pin when she stepped backwards and attempted to lean against the wall to her left and fell in the manner described in her declaration. It is evident that there was a variance between the declaration and proof, but, in our opinion, the variance was not material as it did not go to the question of the defendants' negligence. Louisville & N. R. R. Co. v. Powell, 11 Tenn. App. 253; Vogue, Inc. v. Cox, 28 Tenn. App. 344, 190 S. W. (2d) 307.

The gist of the charge of negligence in the present case was that the defendants were guilty of negligence in failing to warn patrons of the bowling alley, especially those using alley No. 1, of the dangerous condition created when a portion of the outside wall was removed from behind the plastic sheet. As to this there was no variation between the declaration and the proof, and we do not see that defendant was injured by the statement in the declaration that the plaintiff was injured while waiting the return of her bowling ball, when, in reality, she was injured while watching her ball roll down the alley.

As stated in Louisville & N. R. R. Co. v. Powell, supra:

"This goes only to the weight of her testimony with the jury. Some allowance must be made for slight differences between statements made by clients and those statements as embodied in pleadings. * * * As the variance here does not go to the negligence, we think it is not material."

For the reasons indicated the judgment will be reversed and the case remanded for a new trial. Costs of appeal will be taxed to the defendants equally and other costs left to abide the final determination of this case.

Reversed and remanded.

McAmis, P. J., and Hale, J., concur.