IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 18, 2006 Session

EDWIN R. OLIVER, Individually as Next Friend of EDWIN C. OLIVER, A
Minor v. PROLOGIS TRUST

Direct Appeal from the Circuit Court for Shelby County
No. CT-000671-00    John R. McCarroll, Judge

No. W2006-00584-COA-R3-CV - Filed December 19, 2006

In this premises liability case, the minor plaintiff received a severe foot injury while assisting an independent contractor straighten concrete poles with a forklift on defendant premises owner's property. The plaintiff's father sued the independent contractor and the premises owner on his minor son's behalf, alleging negligence and workers' compensation liability. The trial court tried the workers' compensation claim first and entered a judgment for the plaintiff. The Special Workers' Compensation Panel of the Tennessee Supreme Court reversed as to the premises owner, finding that the premises owner was not the statutory employer of the plaintiff. The case returned to the trial court for trial of the negligence claim. The plaintiff voluntarily dismissed the independent contractor from the action, leaving the premises owner as the only defendant. The trial court granted summary judgment in favor of the premises owner, finding that the premises owner owed no duty to prevent the independent contractor from hiring the plaintiff, and finding that the facts of the case did not fall into any exception to the general rule that a premises owner is not liable for the negligence of its independent contractor. The plaintiff filed a notice of appeal, alleging that the trial court improperly granted summary judgment. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Clyde W. Keenan, of Memphis, TN, for the Appellant

Dennis Patrick Hawkins, of Memphis, TN, and John Robert Cannon, Jr., of Memphis, TN, for the Appellee

**OPINION**

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is an appeal from summary judgment of a premises liability action. The plaintiff, 17-year old Edwin C. Oliver ("Oliver" or "Appellant"), suffered a serious foot injury on June 20, 1999, while assisting Steve Graves ("Graves") straighten a concrete pole on property owned by the defendant, ProLogis Trust ("ProLogis" or "Appellee"), at 4147 B.F. Goodrich in Shelby County, Tennessee. ProLogis had contracted with Graves for him to perform various jobs at ProLogis owned facilities including cleaning, painting and maintaining warehouse space, and straightening concrete poles. Oliver had been directed by Graves to hold a strap around the pole while Graves drove a forklift that pulled the strap. While Oliver was holding the strap, the concrete pole broke and struck his left foot. The injury resulted in the amputation of four of the toes on Oliver's left foot.

On March 1, 2000, Oliver's father filed a complaint in Shelby County Circuit Court on the behalf of his minor son against both ProLogis and Graves. Oliver alleged negligence by ProLogis and Graves and sought compensatory damages. Alternatively, Appellant alleged that Oliver was entitled to recover worker's compensation benefits from ProLogis and Graves pursuant to T.C.A. § 55-6-101. The trial court litigated the worker's compensation claim first, and this bench trial took place before the Honorable John R. McCarroll on May 14 and 16, 2002. At trial, the court heard testimony from Oliver, Graves, code enforcement officer Steve Beckham, and Amelia Byrd ("Byrd"), who had been the regional vice president of property management for ProLogis at the time of the accident. After the second day of trial, the trial court instructed ProLogis to provide the trial court with evidence consisting of invoices and a service contract between Graves and Prologis at a later scheduled show cause hearing.

On November 26, 2002, the trial of the workers' compensation claim concluded with Byrd's testimony, during which the service contract and invoices were admitted into evidence. The trial court entered an order on January 31, 2003, finding that Prologis and Graves were Oliver's statutory employers under T.C.A. § 50-6-113, and holding Prologis and Graves liable for Oliver's medical expenses and disability benefits. The trial court also awarded two measures of attorneys' fees to Plaintiff, one of which was to represent sanctions against ProLogis for failure to comply with discovery requests.

The Supreme Court of Tennessee Special Workers' Compensation Appeals Panel at Jackson("the Panel") reversed the workers' compensation award as to ProLogis in a memorandum opinion filed on August 31, 2004. The Panel found that the trial court's decision, that ProLogis was the statutory employer of Oliver, was unsupported by the evidence. Oliver filed a motion for review of the decision by the Tennessee Supreme Court, which was denied in an August 31, 2004 order that adopted and affirmed the Panel's findings of fact and conclusions of law.

With Oliver's negligence claim remaining to be litigated, ProLogis filed a motion for summary judgment and a statement of undisputed material facts with the trial court on October 13,

-2-

2004.[1] The trial court entered two separate orders which allowed Oliver additional time to complete discovery and present countervailing evidence, and reserved ruling on summary judgment. At a summary judgment hearing on November 3, 2005, the trial court granted ProLogis's motion for summary judgment, ruling that ProLogis, as a premises owner, did not owe a duty to Oliver, a minor, to prohibit Graves, its independent contractor, from employing Oliver. The court also found that ProLogis was not liable for the alleged negligence of its independent contractor, Graves, under any of the exceptions to the general rule of non-liability of an employer of an independent contractor as stated in *Pryor v. Southbrook Mall*, C.A. No. 02A01-9709-CV-00217, 1998 Tenn. App. LEXIS 778, at *9 (Tenn. Ct. App. Nov. 18, 1998). The trial court entered an order to this effect on December 13, 2005. Oliver filed a timely notice of appeal to this Court on December 20, 2005.

## II. ISSUE PRESENTED

On appeal, Appellant presents the following issue for review:
Whether the trial court erred in granting summary judgment in favor of ProLogis Trust.
For the following reasons, we affirm.

## III. STANDARD OF REVIEW

A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. "When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)).

Our review of a trial court's grant of summary judgment "involves purely a question of law, no presumption of correctness attaches to the lower courts' judgment, and our task is confined to reviewing the record to determine whether the requirements of TENN. R. CIV. P. 56 have been met." *Id.* (citing *Cowden v. Sovran Bank/Cent. South*, 816 S.W.2d 741, 744 (Tenn. 1991)). Therefore, appellate review is *de novo* on the record before this Court. *See Puckett v. Roberson*, 183 S.W.3d 643, 649 (Tenn. Ct. App. 2005) (citing *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997)).

---

[1] Although it is not reflected in the record, counsel for ProLogis stated at oral argument that co-defendant Graves was voluntarily dismissed from this action "a long time ago." Counsel for Oliver responded by saying that Graves was "judgment proof." Our holding today, therefore, does not seek to address any remedies that Oliver may or may not have retained against Graves.

## IV. DISCUSSION

To establish negligence, a plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). Our review of this case focuses primarliy on the issue of whether ProLogis had a duty of care with regard to Oliver. "The existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court." *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993) (citing *Glenn v. Conner*, 533 S.W.2d 297, 302 (Tenn. 1976); *Dooley v. Everett*, 805 S.W.2d 380, 384 (Tenn. App. 1990)); *see also **Crain v. Baptist Mem. Hosp.***, No. W2004-00477-COA-R3-CV, 2005 Tenn. App. LEXIS 501, at * 11 (Tenn. Ct. App. Aug. 18, 2005); *Inman v. Aluminum Co. of America*, 697 S.W.2d 350, 352-53 (Tenn. Ct. App. 1985).

While the Panel did not explicitly address issues of premises liability against ProLogis, the facts and conclusions of the Panel, which were adopted by the Tennessee Supreme Court, implicitly recognized that Graves was an independent contractor of ProLogis. Under Tennessee law, the factors to be considered by a court when analyzing whether a relationship is to be characterized as either employer-employee or independent contractor are: "(1) right to control the conduct of work; (2) right of termination; (3) method of payment; (4) whether alleged employee furnishes his own helpers; (5) whether alleged employee furnishes his own tools; and (6) whether one is doing 'work for another.'" *Stratton v. United Inter-Mountain Tel. Co.*, 695 S.W.2d 947, 950 (Tenn. 1985). In its Memorandum Opinion filed on August 31, 2004, the Special Workers' Compensation Panel analyzed the relationship between Graves and ProLogis in order to determine whether ProLogis could be held liable as a statutory employer under T.C.A. § 50-6-113 for workers' compensation benefits to Oliver, who had been hired by Graves. The Panel first recognized the relevant factors in making this determination:

> 1) right to control the conduct of work; 2) right of termination; 3) method of payment; 4) whether alleged employee furnishes his own helpers; 5) whether alleged employee furnishes his own tools; 6) whether one is doing work for another; 7) whether the work being performed by the contractor in question is the same type of work usually performed by the company or is a part of the regular business of the company; 8) whether Defendant hired Plaintiff; and 9) whether Defendant possessed or exercised control or authority over how Plaintiff was to perform his work

*Oliver ex rel. Oliver v. ProLogis Trust*, No. W2003-00670-SC-WCM-CV, 2004 Tenn. LEXIS 692, at *5 (Tenn. Aug. 31, 2004) (mem.) (citing *Murray v. Goodyear Tire & Rubber Co.*, 46 S.W.3d 171, 176-77 (Tenn. 2001); *Stratton*, 695 S.W.2d at 950 (Tenn. 1985); *Barber v. Ralston Purina*, 825 S.W.2d 96, 99-100 (Tenn. Ct. App. 1991)). The Panel proceeded to apply these factors to the facts

underlying this case, based upon the same record that is before this Court, in order to characterize the work relationship between Graves and ProLogis:

> ProLogis Trust had 5 employees in its Memphis office which consisted of a property manager, marketing officer, marketing representative, administrative assistant, and a maintenance technician. ProLogis Trust relied upon outside firms and companies to perform construction projects, maintenance and maintaining of warehouse space.

> The record in this case established that ProLogis Trust did not control the conduct of Graves' work, nor did they have the right to control the day-to-day activities of Graves or his employees. Graves set his own hours for himself and his employees. Graves also had the right to offer his services to others, without interference from ProLogis Trust.

> When Graves would bid on a job to sweep out a warehouse, it was typically an area of 20,000 to 40,000 square feet. Graves would bid on jobs with ProLogis Trust. After he reviewed the "spec sheet," he would make a bid and . . . submit it to ProLogis Trust for their approval or rejection.

> ProLogis Trust would pay a set contract amount to Graves for the work performed and he was responsible for paying wages to any employee he might have. ProLogis Trust never told Graves who to hire or fire and if there had been a problem with an employee, this was Graves' responsibility. ProLogis Trust did not provide any tools, equipment or material on the jobs that Graves had submitted a bid for that were accepted by ProLogis Trust.

> After careful review and consideration of the record, we find that the trial court's finding that ProLogis Trust was the statutory employer of employee, Edwin C. Oliver, is not supported by the evidence.

*Id.* at *5-7.

At the summary judgment hearing on the negligence claim, the trial court in this case recognized that the Panel and Supreme Court had found that ProLogis lacked the necessary control over the work of Graves for it to be liable for workers' compensation benefits as a statutory employer of Oliver. Based upon this finding, the trial court stated that Graves's status was thereby already determined as that of an independent contractor.

We find no error in the trial court's determination that Graves was an independent contractor for ProLogis. In our recognition of the facts found by the Panel and adopted by the Tennessee Supreme Court, and applying the factors of *Stratton*, 695 S.W.2d at 950, it is clear that Graves, who drove the forklift that pulled the concrete pole that injured Oliver, was an independent contractor of Prologis, rather than its employee.

As stated above, it is the court's province to determine whether or not a duty exists between parties. *Bradshaw*, 854 S.W.2d at 869. The general rule is that a premises owner owes independent contractors hired to perform work on the property a duty to provide a reasonably safe place in which to work. *Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996) (citing *Hutchison v. Teeter*, 687 S.W.2d 286, 288 (Tenn. 1985); *Broome v. Parkview*, 49 Tenn. App. 725, 359 S.W.2d 566, 568 (Tenn. App. 1962)). "This general duty includes the specific responsibility of either removing, or warning an independent contractor of, any hidden or latent dangers on the property." *Id.* An exception to this rule, however, applies when "the risks arise from, or are intimately connected with, defects of the premises or of machinery or appliances located thereon which the contractor has undertaken to repair." *Id.* at 76-77 (citing *Shell Oil Co. v. Blanks*, 330 S.W.2d 571 (Tenn. App. 1959)).

In *Pryor v. Southbrook Mall*, C.A. No. 02A01-9709-CV-00217, 1998 Tenn. App. LEXIS 778 (Tenn. Ct. App. Nov. 18, 1998), this Court recognized the general rule that an employer is not ordinarily liable for the negligence of an independent contractor. *Pryor*, 1998 Tenn. App. LEXIS at *4 (citing *Potter v. Tucker*, 688 S.W.2d 833 (Tenn. App. 1985)). In that case, we also discussed the well-established exceptions to this general rule, which are:

> Where the act contracted to be done is wrongful or tortious in itself; where the injury is the direct or necessary consequence of the work to be done; where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the proprietor or employer; when the work contracted for is intrinsically dangerous, and the performance of the contract will probably result in injury to third persons or the public; and where the proprietor interferes with the contractor in the performance of the work.

*Pryor*, 1998 Tenn. App. LEXIS at *6-7 (citing *McHarge v. Newcomer*, 117 Tenn. 595, 601 (1906)).

At the hearing for summary judgment in this case, the trial court correctly recognized that an employer of an independent contractor is not generally liable to third parties who are injured as a result of the negligence of the independent contractor. The trial court heard arguments from Plaintiff's counsel as to why the facts of this case placed ProLogis into one of the recognized exceptions to this general rule as stated in *Pryor*, 1998 Tenn. App. LEXIS at *6-7. The trial court then applied each of the *Pryor* exceptions to the facts underlying the case and granted summary judgment, finding that no duty existed on the part of ProLogis as premises owner with regard to Oliver, who had been hired by Graves, an independent contractor.

On appeal, Appellant argues that the work that Graves had contracted to do was intrinsically or inherently dangerous because of the manner in which it was performed, specifically, the way that Graves had allowed Oliver to hold a strap around a concrete pole while Graves pulled the strap with a forklift. Appellant also argues under a "public duty" exception, "where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the proprietor or employer," *Pryor*, 1998 Tenn. App. LEXIS at *6-7, by citing T.C.A. § 50-5-106(7), a Tennessee statute that prohibits the employment of minors in "[o]ccupations involved in the operation of elevator and other power-driven hoisting apparatus[.]" Appellant argues that a forklift falls under the language of this statute, and that Oliver's act of holding a strap while Graves drove the forklift constitutes "operation" of such an apparatus.

From our review of the record, it is clear that ProLogis, as a premises owner, had no duty to Oliver and that summary judgment was properly granted by the trial court. Despite Plaintiff's arguments to the contrary, none of the exceptions recognized in *Pryor*, 1998 Tenn. App. LEXIS at *6-7, is applicable on these facts. As the Special Workers' Compensation Panel found,

> ProLogis Trust relied upon outside firms and companies to perform construction projects, maintenance and maintaining of warehouse space. . . The record in this case established that ProLogis Trust did not control the conduct of Graves' work, nor did they have the right to control the day-to-day activities of Graves or his employees. . . ProLogis Trust would pay a set contract amount to Graves for the work performed and he was responsible for paying wages to any employee he might have. ProLogis Trust never told Graves who to hire or fire and if there had been a problem with an employee, this was Graves' responsibility. ProLogis Trust did not provide any tools, equipment or material on the jobs that Graves had submitted a bid for that were accepted by ProLogis Trust.

*Oliver*, 2004 Tenn. LEXIS 692, at at *5-7.

In *Marshalls of Nashville, Tenn., Inc. v. Harding Mall Associates, Ltd.*, 799 S.W.2d 239, 244, we relied upon *Cooper v. Metro. Gov't., Etc.*, 628 S.W.2d 30 (Tenn. App. 1981), and its discussion of the "intrinsically dangerous" exception to the general rule of nonliability of an employer for the torts of an independent contractor, in finding that a landlord defendant was not liable to a tenant plaintiff for damage to the plaintiff's property caused by the negligence of an independent contractor roofer:

> The [*Cooper*] Court also pointed out that in order to find that the work to be performed by the independent contractor was intrinsically or inherently dangerous, "the danger must be involved in the performance of the contract and must result directly from the work to be done and not from the collateral negligence of the contractor."

[*Cooper*, 628 S.W.2d at 32].  Prosser & Keeton on the Law of Torts § 71, at 515 (5th ed. 1984) describes collateral negligence as "negligence in the operative details of the work, easily controlled by the contractor, and not ordinarily considered or contemplated by the employer, as distinguished from its general objective or plan, which must necessarily be contemplated."

*Marshalls of Nashville, Tenn., Inc.*, 799 S.W.2d at 244.

Plaintiff's theory of premises liability under the intrinsically dangerous exception is not supported by the facts on record, as it appears to be undisputed that ProLogis did not control the manner in which Graves or his employees performed work.  On the particular date in question, one of the repair tasks ProLogis assigned to Graves was to straighten concrete poles on the property.  ProLogis, however, did not control how this task was to be completed, and it did not provide Graves with the forklift that was used, nor do the facts suggest that ProLogis even owned forklifts.[2]  As Graves was voluntarily dismissed from this action, the legal significance of his actions are not before this Court.  However, if the specific manner in which Graves performed the task and the directions that Graves gave Oliver were to be found negligent, they would be an example of collateral negligence and could not be imputed to ProLogis.  Therefore, Plaintiff has not established ProLogis's liability or duty to Oliver under the intrinsically dangerous exception set forth in *Pryor*, 1998 Tenn. App. LEXIS at *6-7.

Turning to Plaintiff's other proposed theory of liability or duty on the behalf of ProLogis, based upon a statutory prohibition of hiring minors in certain occupations and an attempted correlation to the "public duty" exception, we are unconvinced that there is a dispute of any material fact on which Plaintiff could recover against ProLogis.  It is undisputed that Oliver was hired by Graves, and not ProLogis.  Therefore it cannot be said that ProLogis itself was in violation of T.C.A. § 50-5-106(7), which prohibits the employment of minors in certain occupations.

Even if we were to hold that this statute somehow imposed a duty upon ProLogis as owner of the premises to prevent its subcontractor Graves from hiring a minor, which we do not, we cannot

---

[2]     Appellant argues that the ownership of the forklift is a disputed issue of material fact to the negligence claim.  In light of ProLogis's lack of knowledge as to the owner of the forklift, as well as its own claim that it did not own the forklift (Deposition of Byrd, p. 11), Appellant has provided this court with affidavits of other subcontractors who worked on the ProLogis property on or around the date of the accident.  In the affidavits, each of the subcontractors denies ownership of the forklift in question.  Appellant proposes that "[i]n light of the knowledge that the forklift did not belong to anyone else, and it was on Prologis' property, a jury could find that ProLogis did own it and that ProLogis had a duty to secure that piece of machinery so that Graves could not have improperly used it."  We disagree with this position based upon our own review of the record and the facts found by the Special Workers' Compensation Panel, specifically, that "ProLogis Trust did not provide any tools, equipment or material on the jobs that Graves had submitted a bid for that were accepted by ProLogis Trust."  *Oliver*, 2004 Tenn. LEXIS 692,  at *7.  Furthermore, Appellant's argument that "a jury could find that . . . ProLogis had a duty to secure that piece of machinery" is a misstatement of the law.  As we noted above, "[t]he existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court."  *Bradshaw*, 854 S.W.2d at 869.

-8-

say that the positioning of a strap around a pole by Oliver while Graves drove a forklift could fairly be characterized as "the operation of elevator and other power-driven hoisting apparatus" by Oliver as set forth in T.C.A. § 50-5-106(7). Not only did ProLogis lack control over Graves as to how the task would be conducted, it is also undisputed that ProLogis was unaware that Graves had hired Oliver to assist in the repair job. Therefore, Plaintiff has similarly failed to present a dispute of any material fact that would entitle him to recover under the exception to the general rule of non-liability of a premises owner for negligence of an independent contractor "where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the proprietor or employer." *Pryor*, 1998 Tenn. App. LEXIS at *6-7.

Appellant's final argument regarding ProLogis's alleged failure to require Graves to have workers' compensation insurance is not properly before this Court, as it was not raised in the trial court. Issues not raised in the trial court cannot be raised for the first time on appeal. *Barnes v. Barnes*, 193 S.W.3d 495 (Tenn. 2006) (citing *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991)); *Knoxville's Comty. Dev. Corp. v. Wright*, 600 S.W.2d 745 (Tenn. Ct. App. 1980). Appellant has therefore failed to establish a duty on the part of ProLogis, as premises owner, with regard to Oliver, who was hired by its independent contractor, Graves. Accordingly, we affirm the trial court's grant of summary judgment to ProLogis Trust.

## V. CONCLUSION

For the aforementioned reasons, we affirm the trial court's grant of summary judgment to Appellee, ProLogis Trust. Costs are assessed against Appellant, Edwin R. Oliver, on the behalf of Edwin C. Oliver, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE