PHOCEAN ARNETT et ux. v. L. D. FUSTON and
BILLY C. BELL.—378 S.W.(2d) 425.

Middle Section.  October 25, 1963.

Certiorari Denied by Supreme Court March 5, 1964.

James H. Cummings, J. Barrett Melton, J. Barrett Melton, Jr., Woodbury, for plaintiff.

Hoyt S. Bryson, William Bryson, Woodbury, for L. D. Fuston, defendant.

James W. Buckner, Murfreesboro, for Billy C. Bell, defendant.

I

SHRIVER, J. This is a suit for damages for the death of Miss Betty Sue Arnett brought in the Circuit Court of Cannon County by her father and mother against L. D. Fuston and Billy C. Bell the respective owners and operators of the two automobiles involved in the collision wherein Miss Arnett was killed.

The trial resulted in a jury verdict in favor of defendant Billy C. Bell and against defendant L. D. Fuston awarding damages against him in the amount of $30,-000.00.

The motions for a new trial were overruled and an appeal in error prayed and perfected and assignments filed by plaintiffs and defendant Fuston.

II

Assignments of Error

Plaintiffs filed one assignment of error which is to the effect that there is no evidence to support the verdict in favor of the defendant, Billy C. Bell.

Counsel for defendant Fuston have filed three assignments of error, the first and second of which are to the effect that there is no material evidence to support the verdict against Fuston.

The Third Assignment is as follows:

"The Trial Court erred to the prejudice of said defendant in accepting the verdict of the jury, over his timely exception, for the reason that said verdict was beyond the scope of the pleadings, and so excessive and otherwise so unreasonable and unjustified as to be the result of passion, prejudice or unaccountable caprice upon the part of the jury, same having been returned in writing in words and figures, as follows:

" 'We the jury declare Billy C. Bell innocent of charge. We declare L. D. Fuston guilty of charge and recommend a judgment of Thirty thousand dollars against him and punitive damages from 1 to 5 years in prison.'

"Said defendant made the above assignment the basis of his 5th ground of his motion for a new trial."

## III

### The Pleadings and the Facts

The declaration is in three counts alleging that the proximate cause of the collision and the death of Miss Arnett was the concurring acts of negligence on the part of both defendants.

In the first count, common law negligence of both drivers is charged. In the second count violation of Section 59-858, T.C.A. which prohibits reckless driving on the highways of the State is charged against both defendant drivers. The third is also a statutory count

charging defendant Fuston with violation of Section 59-1031, T.C.A. which prohibits the driving of an automobile on the highways of the State while under the influence of intoxicating liquors.

The defendants filed separate pleas of not guilty.

At the trial the plaintiffs and several witnesses introduced by them testified as to certain facts. At the conclusion of plaintiffs' proof motions were made by both defendants for directed verdicts in their behalf which motions were overruled and the proof was, thereupon, closed. Neither defendant took the witness stand nor produced other witnesses.

As summarized by counsel for the parties, the essential facts established by the record are as follows:

1. The deceased, Miss Arnett, left her home in Cannon County on the night of April 10, 1960 shortly before seven o'clock P.M. in the automobile of defendant Billy C. Bell, which was being operated by him and it was their purpose to drive to McMinnville.

As such guest in the automobile of Billy C. Bell, which was being driven in an easterly direction along Lucky Road in Cannon County, Miss Arnett, who was 23 years of age and in good health prior to the accident and employed at Jennings Motors in Woodbury at $40.00 a week, was seriously and fatally injured about seven o'clock P.M. only a few miles from her home at the intersection of Lucky Road and Blues Hill Road when the car in which she was riding collided with the Ford pickup truck of the defendant L. D. Fuston which was being operated by him and which was proceeding in a northerly direction on Blues Hill Road.

The intersection at which the accident occurred was unmarked and uncontrolled by traffic signs. The two roads are each about 24 feet wide and paved up to and including the intersection. Lucky Road runs in a generally East and West direction while Blues Hill Road runs in a generally North and South direction. This intersection was about 35 steps or 100 feet wide on the Blues Hill side and about 24 steps or 72 feet wide on the Lucky Road side and it was shown from the proof that cars entering said intersection were visible for considerable distances in both directions.

No eye witness of the accident testified but there was testimony to the effect that both Fuston and Bell stated after the accident that they were driving the respective vehicles and there is no dispute as to this fact.

After the accident the truck was on the North side of the intersection on the Blues Hill Road and the English Ford in which Miss Arnett and Mr. Bell were riding was at the Northeast corner of the intersection facing East or Northeast.

The right side of the English Ford in which Miss Arnett was riding was caved in and the left side bulged out and there was a line or mark along the right side of said car from the front door to the rear of the said car. The sheriff of the County, Sheriff Cooper, went to the scene of the accident very shortly after it occurred and when asked if he could tell where the impact or collision occurred with reference to the intersection, he said ''The way it looked to me it lacked some of being in the center of the road when they came together—where the Blues Hill Road going from South to North—The Lucky Road going from West to East—there were a few little loose

rocks—in my estimation it was a little past the center to the West where they came together".

After the accident the plaintiffs were immediately notified and arrived at the scene some fifteen or twenty minutes after their daughter had left home and found her seriously injured. She was taken by ambulance to the Good Samaritan Hospital in Woodbury where she died the same night.

In addition to the above there was testimony to the effect that defendant Fuston was intoxicated at the time of the accident and this will be discussed in connection with the assignments on his behalf.

## IV

We come now to the assignments of error on behalf of the plaintiffs as affecting the verdict of the jury in favor of defendant Bell.

It is to be observed that the allegation of negligence in the declaration affecting defendant Bell are, (1) that at the time of the collision he was driving at a high and excessive rate of speed; (2) that he was guilty of reckless driving as defined by 59-858, T.C.A.; (3) that he failed to yield the right-of-way to a vehicle approaching on his right when entering an uncontrolled intersection at approximately the same time that the other vehicle approached, in violation of Section 59-828, subsection (b) T.C.A.

It is argued by counsel for plaintiffs that there is no evidence in the record on which to base a verdict of not guilty and there is the further contention that a presumption should apply against defendant Bell for his election to stand on his motion for a directed verdict and

his failure to offer any evidence. It is argued that, since the facts in connection with the accident were peculiarly within his knowledge, his silence gives rise to the presumption that his testimony, if given, would be contrary to his contention in his plea of not guilty.

On the other hand, it is insisted by counsel for defendant Bell that there was no evidence to the effect that Bell was driving at a high or excessive rate of speed, or that he was guilty of reckless driving, nor any evidence to support the charge that he failed to yield the right-of-way to a vehicle entering the intersection at practically the same time he entered it.

As has been stated in a number of our cases, particularly William v. Jordan, 208 Tenn. 456, 346 S.W. (2d) 583; Moon v. Johnston, 47 Tenn.App. 208, 337 S.W. (2d) 464 and Vinson v. Fentress, 33 Tenn.App. 359, 232 S.W.(2d) 272, negligence is never presumed from the mere happening of an accident but must be proved by either direct or circumstantial evidence or both. And, as was said in Fields v. Gordon, 30 Tenn.App. 110, 203 S.W.(2d) 934, where the plaintiff's action is one in tort, the burden of proof in the sense of risk of nonpersuasion is on the plaintiff and never shifts, even though the burden of going forward with the evidence may shift back and forth.

In Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W.(2d) 897, and Howell v. Accident & Casualty Insurance Co., 32 Tenn.App. 83, 221 S.W.(2d) 901, and many other cases, the rule is stated that all reasonable inferences are to be resolved in favor of a jury verdict when approved by the Trial Court.

■ The rule is that where two different conclusions might reasonably be drawn from undisputed facts the question of negligence and ordinary care are for the jury. Walls v. Lueking, 46 Tenn.App. 636, 332 S.W.(2d) 692.

It is pointed out that the trial Judge did not charge the jury relative to the presumption insisted on by plaintiff and no special request was offered to same. See Town of Morristown v. Inman, 47 Tenn.App. 685, 342 S.W.(2d) 71. Furthermore, no such ground was included in the motion for a new trial. See Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.(2d) 6.

■ It was said in Vogue, Inc. v. Cox, 28 Tenn.App. 344, 190 S.W.(2d) 307, that the rule of adverse presumption relied on by plaintiffs is not to be taken as substantive proof and never relieves the party onerated with the burden of proof of making out a prima facie case.

■ If it can be said that there is any evidence of reckless driving or of failure to yield the right-of-way from the circumstances shown as to the conditions and positions of the two vehicles after the accident, the conclusions to be drawn therefrom are not such as that all reasonable minds would necessarily agree upon them, therefore, a jury question would arise.

■ We overrule the assignment of error on behalf of the plaintiff.

## V

As to the assignments of error on behalf of the defendant Fuston, it is earnestly urged by his counsel that there is no material substantial evidence in the record

of any negligence on his part and that, therefore, the verdict of the jury should be set aside.

It is argued that the mere position of vehicles after an accident with accompanying pictures and marks on and measurements of the surroundings are not sufficient to make issues of negligence for the jury.

From the record there can be no legitimate dispute that the truck driven by the defendant Fuston collided with the automobile driven by the defendant Bell in which the deceased, Miss Arnett, was riding as a passenger.

The admissions, the testimony and the physical facts, including the exhibited photographs of the two vehicles involved, demonstrate beyond doubt that the front end of the truck driven by Fuston came into violent contact with the right side of the Ford in which Miss Arnett was riding and which was being driven by Bell. These photographs, particularly exhibits No. 2 and 3 to the testimony of Austin Jennings, leave no reasonable doubt that the truck rammed into the side of the car with great force and violence since the whole right side of the car was caved in and the whole left side was bulged out and the car practically demolished. This could not have happened except that the truck was travelling at considerable speed across this intersection. When we add to these facts the testimony of several witnesses, including the Sheriff, that defendant Fuston was drunk at the time, we think there is evidence on which the jury verdict could be reasonably based bearing in mind that there is no charge that Miss Arnett was guilty of any contributory negligence.

For example, on direct examination Sheriff Cooper, after describing the scene of the accident where he arrived within a few minutes after it occurred, was asked

what was the condition of defendant Fuston with reference to being drunk or sober, and he answered "He was drinking". He further testified that he arrested Fuson and placed the charge against him of driving while under the influence of liquor. He testified that he took Fuston to jail where he (Fuston) remained until the next day. There was also testimony that one Clarence Bass was in the car with Fuston at the time and Bass was drunk. The Sheriff also found Bass where he had gone to a nearby house and arrested him for drunkenness and leaving the scene of an accident. The Sheriff also testified that Fuston told him that Bass was along with him at the time of the collision although Bass denied at the scene that he knew anything about the accident.

On cross examination of the Sheriff, Mr. Buckner asked him if Fuston wasn't just plain drunk and the Sheriff answered that he was drinking very heavily and that Bass was pretty drunk.

The Sheriff also testified that he smelled liquor in and around Fuston's truck and found liquor poured out on the floorboard and he mopped it up with his handkerchief and at one point he said he could squeeze the liquor out of the handkerchief after mopping it up.

There were other witnesses who testified about seeing Fuston drinking during the afternoon before the accident and at least two other witnesses who saw him at the scene of the accident and expressed the opinion that he was intoxicated.

The trial Judge properly charged the jury with respect to violation of Section 59-1031, T.C.A. making it unlawful for any person to drive or be in physical control of any automobile or other motor vehicle on the public roads or

highways of Tennessee while under the influence of an intoxicant.

In determining whether the verdict is supported by any material evidence the Appellate Courts take the strongest legitimate view of the evidence favorable to the verdict and indulge all reasonable inferences in favor of it. Tallent v. Fox, 24 Tenn.App. 96, 141 S.W.(2d) 485, and numerous cases.

Defendant's assignment that there was no evidence to support the verdict is overruled.

But it is urged that the jury verdict should be set aside because the very form of the verdict shows passion, prejudice and caprice on the part of the jury. After finding that Billy C. Bell was "innocent of the charge" the jury then reported "We declare L. D. Fuston guilty of the charge and recommend a judgment of $30,000.00 against him and punitive damages from one to five years in prison".

On page 146 of the transcript it appears that the jury reported in written form and the Judge then stated, "Gentlemen of the jury your foreman has written a return here and if I read it correctly it says, 'We the jury find Billy C. Bell innocent of the charge'. In other words you find in favor of Bell? So say you all, gentlemen?" and the jury assented to the verdict. The Court then further addressed the jury; "Then as to L. D. Fuston you find against him in the amount of $30,000.00 is that your verdict, Gentlemen?", and the record states, "Jury Assents to Verdict". The Court, thereupon, stated, "And you have one down here, another judgment, which can't be enforced. You say, 'And punitive damages from 1 to 5 years in prison'. That would be surplus".

Mr. Bryson excepted to the verdict and the Court held that the latter portion of same was surplusage and entered the verdict of $30,000.00.

As was said in Long v. Tomlin, 22 Tenn.App. 607, 125 S.W.(2d) 171, matter contained in a verdict if immaterial or not responsive to the issues may be treated as surplusage and rejected so as to validate the verdict, if the remaining portion thereof is responsive to issues and not otherwise objectionable.

Also see 64 C.J. p. 1183 Trials, 89 C.J.S. Trial, sec. 565 where it is said that it is proper to disregard as surplusage certain matters contained in a verdict which were not submitted to the jury and which were outside the issues submitted.

We think the action of the trial Judge in regard to this verdict was proper and this assignment is, therefore, overruled.

It results that all assignments are overruled and the judgment of the trial Court is affirmed.

Humphreys and Chattin, JJ., concur.