779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WESLEY T. BAILEY, Plaintiff-Appellee,
v.
CHATTEM, INC., Defendant-Appellant.
 83-5424, 84-5193
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 E.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: MARTIN and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 The question before us is whether the evidence presented to the jury was properly admitted and was sufficient to support the verdict in a trial to determine the amount of damages for fraud. This court previously affirmed the lower court's judgment of liability for fraud in obtaining the assignment of patent rights, but reversed the award of damages and remanded for a new trial on that issue. 684 F.2d 386 (6th Cir. 1982). On retrial, the jury awarded Bailey $627,000. Chattem appeals, arguing primarily that the expert testimony was not reliable and was not sufficient to support the amount of damages awarded. On consideration of this argument and the other issues raised, we find that no reversible error occurred in the proceedings in the lower court, and, accordingly, we affirm the judgment.
 
 
 2
 The complicated facts of this patent dispute are fully explicated in our prior opinion in this litigation. 684 F.2d 386 (6th Cir. 1982). In the prior appeal, this court found that, although the promise sued upon contained a provision that payments would 'somehow' be tied to a cost of living index, there was insufficient proof presented to the jury to define that provision:
 
 
 3
 Bailey argues that the jury's award could legitimately be larger than this [the total of the remaining payments, $222,679] to take into account future inflation. However, here the measure of damages was set by a proposed contract, and the jury could not assume the payments under the contract would vary unless the contract so provided. Though there was a reference in the evidence to inclusion of a cost of living clause 'somehow' tied to 1975 prices, without further definition this term is too vague for the jury to assign any non-arbitrary value to it. 'To set a quantifiable damage figure arbitrarily is impermissible.' Agricultural Services Ass'n, Inc. v. Ferry-Morse Seed Co., 551 F.2d 1057, 1072 (6th Cir. 1977). (emphasis added).
 
 
 4
 684 F.2d at 395. Chattem argues that the evidence presented on retrial did not sufficiently define the vague term and that the expert testimony was inadmissible because it did not prove the actual intent of the parties. Chattem also contends that the trial court erred in admitting expert testimony that was not based on reliable methods. We disagree.
 
 
 5
 We note that the admissibility of expert testimony lies in the sound discretion of the trial court and is reviewable only for an abuse of discretion. Kline v. Ford Motor Co., 523 F.2d 1067, 1070 (9th Cir. 1975); 3 J. Weinstein, Evidence p702 at n.15 (1982). In diversity cases, we resolve questions of the sufficiency of evidence according to the test of sufficiency under state law, applying the law of the forum state. Moran v. Johns-Manville Sales Corp., 691 F.2d 811, 813 (6th Cir. 1982). In Tennessee, the appellate court does not re-weigh the evidence, but considers only whether there is material evidence to support the verdict, taking the 'strongest legitimate view' of the evidence that favors the appellee, disregarding contrary evidence, and indulging 'all reasonable inferences to uphold the verdict.' Keller v. East Tennessee Production Credit Association, 501 S.W.2d 810, 811-12 (Tenn. App. 1973).
 
 
 6
 Although there was little direct evidence on the intent of the parties, Bailey presented abundant evidence on the operation and application of cost-of-living indices. Bailey presented an economics expert who testified regarding cost-of-living adjustments and rates of inflation, and a patent expert who testified regarding the value of Bailey's invention. Chattem presented no experts of its own. We find that Bailey's experts were properly qualified and their methods were sufficiently reliable. See Mannino v. International Mfg. Co., 650 F.2d 846, 851 (6th Cir. 1981). Accordingly, we conclude that the lower court did not abuse its discretion in admitting their testimony and that the testimony was sufficient to define the vague provision and support the jury's award of damages.
 
 
 7
 We find the other issues raised to be without merit. This court has ruled that 28 U.S.C. Sec. 636(c) is constitutionally valid. K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 755 (6th Cir. 1985). The district court did not err in refusing to allow Chattem to withdraw its consent to the magistrate's presiding at trial and entry of judgment under section 636(c). We affirm the denial of the motion to vacate under Federal Rule of Civil Procedure 60(b)(4) and the denial of the motion for judgment n.o.v. or new trial.
 
 
 8
 This court was informed at oral argument that the parties agreed that the motion to dismiss the first appeal, No. 83-5424, has been rendered moot by the subsequent appeal from the final judgment and that the parties consider all issues briefed in both appeals to be properly before the court. We therefore dismiss Bailey's motion seeking dismissal of the interlocutory appeal.
 
 
 9
 For the foregoing reasons, the judgment of the lower court is AFFIRMED.